## W. O. JOHNS v. THE STATE.

### No. 8775.  Delivered April 22, 1925.

1.—Possessing a Still—Indictment—Held Sufficient.

Where an indictment charges the unlawful possession of equipment and devices for the manufacture of intoxicating liquor, describing them, a motion to quash such indictment on the ground that the acts of the legislature denouncing this offense is unconstitutional, was properly overruled.

2.—Same—Evidence—Sufficiency of.

The court did not err in refusing to instruct a verdict of not guilty. The evidence very conclusively establishes appellant's guilt of the offense charged, and the cause is affirmed.

3.—Same—Judgment—Erroneous—Reformed.

The judgment in the case not being in compliance with our statute is reformed so as to sentence appellant to confinement in the penitentiary for a period of not less than one year, and not more than one year and nine months.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for being in possession of equipment and devices for manufacturing intoxicating liquor; penalty, one year and nine months in the penitentiary.

The opinion states the case.

*E. C. Johns* and *W. M. McGregor*, of Ft. Worth, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Tarrant County for the offense of unlawful possessing equipment and devices for the manufacture of intoxicating liquor, to-wit, a still, to-wit, a boiler and condenser and a worm, and his punishment was assessed at confinement in the penitentiary for a term of one year and nine months.

Appellant's first contention is that the court erred in overruling his motion to quash the indictment. Appellant urges many objections to the statute under which this conviction was had, and seeks to show that it is uncertain and void and does not define the offense with that degree of particularity which is required by the Constitution and the Penal Code of this State. We have very carefully considered the appellant's very earnest and ingenious presentation

100 Tex. Crim.—5.

of this question, but are unable to agree with the contentions raised by him. We have no difficulty in concluding, after a careful examination of the matter, that the statute under which appellant was convicted is entirely sufficient to support a charge that he unlawfully possessed equipment and devices for the manufacture of intoxicating liquor, to-wit, a still, composed of a boiler and condenser and a worm, and it is our conclusion that the court did not err in overruling the motion to quash said indictment.

Neither can we agree with appellant's contention that the court erred in refusing to instruct a verdict of not guilty. The testimony is amply sufficient to show that the still described in the indictment was found in a house where no other parties are shown to have lived save and except the appellant, his wife and some minor children. Appellant very earnestly contends that there is no evidence in the record showing that he was in possession of said still. On the contrary, we think the evidence is ample to show that it was in his possession. Underhill on Criminal Evidence, Sec. 731. In this case the undisputed testimony shows that this still, five barrels of mash and two empty barrels were found in a house where appellant lived. The evidence excludes the idea that any other person than the appellant and his wife and minor children lived in said house. In addition to this, one of the witnesses testified positively that the still was in the appellant's possession. Appellant makes the point on this testimony that it was a conclusion of the witness. This point would have been properly made — if it is meritorious — to the introduction of the evidence; but, the evidence not having been objected to, and permitted to go in the record without objection, we are left no alternative but to conclude that it was properly admitted, and, being properly admitted, it was positive and direct testimony to the effect that the equipment described in the indictment was found in appellant's possession.

What we have just said also disposes of appellant's contention to the effect that the court should have charged on circumstantial evidence.

We observe from the record that in sentencing the appellant the court did not follow the terms of the indeterminate sentence law, but, on the contrary, sentenced appellant to the penitentiary for a definite period of one year and nine months. The judgment will therefore be reformed so as to confine the appellant in the penitentiary for a period of not less than one year and not more than one year and nine months.

It is our opinion that, after being reformed as above indicated, the judgment should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.