ANTHON GIFFORD v. THE STATE.

No. 9095.   Delivered May 20, 1925.

Rehearing denied June 24, 1925.

**1.—Possession of Still—Practice on Appeal.**

No statement of facts nor bills of exception are contained in this record. Among the papers in the case is found what purports to be testimony taken on the defendant's motion for a new trial. It is in question and answer form and does not show to have been approved by the trial judge, and for those reasons cannot be considered. No error appearing in the record, the cause is affirmed.

ON REHEARING.

**2.—Same—Liquor Laws—Held Valid.**

We are not able to agree with appellant's contention in his motion for a rehearing, that the liquor law denouncing the possession of a still for the purpose of manufacturing intoxicating liquor, is unconstitutional. The opinions of this court are in direct conflict with this contention, and are so numerous as to make it unnecessary to again write upon this question.

Appeal from the District Court of Concho County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for the unlawful possession of a still for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Jas. Flack,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Concho County for the unlawful possession of a still for the purpose of manufacturing intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The record is before us without bills of exception or statement of facts, and as presented there is nothing showing reversible error in the case. There is found among the papers in the case what purports to be the testimony taken on the defendant's motion for a new trial. This testimony cannot be considered for the following reasons: First, because it is in question and answer form; Second, because the said testimony is not approved as correct by the trial judge.

There being nothing in the record showing any error, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant contends in his motion for rehearing that the statute upon which this conviction is based is too indefinite and uncertain upon which to sustain a conviction, and that it is so vague and uncertain as to come within Art. 1, Sec. 6, P. C. of the Constitution of Texas; in fact that there is no law denouncing the offense for which appellant was convicted and that it is not against the law to possess a still for the purpose of manufacturing intoxicating liquor.

We cannot agree with appellant's contention, and the opinions of this court in direct conflict with this contention have been so numerous as to make it unnecessary to again write upon this question.

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.