## D. McPhail v. The State.

No. 13043.   Delivered February 26, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 218.

The opinion states the case.

*Art Schlofman* of Dalhart, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Officers searched appellant's restaurant and found therein approximately a gallon of whiskey.  A witness for the state testified that he bought a pint of whiskey from appellant shortly before the search was made.  Appellant offered no testimony controverting the fact that he had sold liquor to the witness.  The officers had a search warrant, which the trial court held to be invalid.

One of the officers testified that when he first went to appellant's restaurant he had no search warrant.  He said he told appellant that he wanted to search his house, and that appellant replied:  "Go right ahead and search."  He testified further that appellant told him he did not need a search warrant, and that he would find a little whiskey in his house.  However, the officer did not proceed with the search immediately, but sent his associate for a search warrant.

The officer remained on the premises. When his associate returned with the warrant they proceeded with the search.

Appellant objected to the testimony of the officers touching the result of the search on the ground they were not authorized to search his place of business without a valid search warrant. Appellant's objection would have been well taken if it had not been for the fact appellant's language to the officer was specific in favor of a waiver of a search without a warrant. It went further than a mere acquiescence on his part. He expressly stated to the officer that he did not need any search warrant and that he might go right ahead without one. That one may consent to the search of his premises and thereby waive irregularities in the search warrant or dispense with a search warrant altogether is well settled. Hall v. State, 105 Tex. Cr. R. 365, 288 S. W. 202; Williams v. State, 17 S. W. (2d) 56. In Hall's case, officers went to Hall's premises and informed him that they had a search warrant. Hall said: "You don't need any search warrant. Just go ahead and search anywhere you want to." This court held the language used by Hall sufficient to show a waiver and sustained the action of the trial court in admitting the testimony of the officers, notwithstanding the fact that the search warrant was void. The language used by appellant in the instant case is as specific in favor of a waiver as that used in Hall's case. We are constrained to sustain the action of the trial court in admitting the testimony.

In his closing argument the district attorney used language as follows:

"Gentlemen of the jury there is one more thing I want to call your attention to. I want to read you paragraph 7 of the court's charge and I will not comment upon it whatever but just read the charge to you."

After making the foregoing remarks the district attorney read the following paragraph of the court's charge:

"You are further instructed that the defendant had the right under the law to go upon the witness stand and testify in his own behalf, but the failure to do so is no evidence of the defendant's guilt and I instruct you that you will not mention, refer to, or take into consideration by mental reservation or otherwise the failure of the defendant to testify in his own behalf as it is no evidence or circumstance as to his guilt. All of which I instruct you must observe and obey."

With the reading of said charge, the district attorney closed his argument. Appellant objected to the action of the district attorney in reading the charge on the ground that it constituted a reference to appellant's failure to testify. We are unable to sustain appellant's contention. In Wimberly v. State, 6 S. W. (2d) 120, it appeared that the district attorney in his closing argument used language as follows:

"The defendant in a criminal case has every right guaranteed to him, and is given the benefit of the presumption of innocence and the reasonable doubt; he is not required, and cannot be required, and cannot be compelled, to take the witness stand and testify as a witness in his own behalf."

In holding that the language of the district attorney in the connection in which he used it was not a reference to the failure of the appellant to testify, Judge Lattimore used language as follows:

"It is customary for trial courts to instruct the jury that the accused does not have to testify, and that his failure to testify cannot be taken as a circumstance against him, and it has been held that the attorney for the state in his argument, who reads that portion of the court's charge, and makes no comment upon it commits no reversible error. Unless something should appear in the statement made from which this court might conclude that the language used was such as to induce the jury to consider against the accused the fact that he did not testify, we would not be inclined to hold such action reversible error. The statement made by the district attorney in this instance was in almost the exact language used by the court in the charge, and it does not appear to have been made with any sort of purpose of calling the jury's attention to the fact, or in any wise using it against the accused. We do not believe the action amounted to more than a casual reference.

See also Goldsberry v. State, 242 S. W. 221.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his insistence that the officers should not have been permitted to give evidence of the

result of the search. The learned trial judge, having suppressed the search warrant, was evidently impressed that the consent given by appellant for the search was a bona fide consent and upon that theory admitted the evidence. We have again examined the testimony on this point and cannot bring ourselves to reach a conclusion adverse to that entertained by the trial judge. The officer does not appear to have questioned the sincerity of the consent given. After testimony that appellant said it was all right for him to go ahead and search, the sheriff testified that "as a matter of precaution, not knowing just where I stood, I came back; I much prefer a search warrant."

We adhere to the conclusions announced in our original opinion, after reconsideration of all questions therein discussed.

The motion for rehearing is overruled.

*Overruled.*