## TEODORO ORTIS v. THE STATE.

No. 13750. Delivered October 29, 1930.
Rehearing Denied April 1, 1931.

The opinion states the case.

*John Gauntt* and *Frank B. Tirey,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

A group of officers went to appellant's house and found him at home. They were armed with a search warrant, but without telling appellant they had same, he was asked if he would permit them to search the house, and, according to the testimony of the State, replied that it was all right. One of the officers wished to know if it was all right with his wife, and appellant asked her in Spanish, and then informed the officers that it was all right with his wife. The search revealed a still and a large quantity of intoxicating liquor.

There are two bills of exception, one complaining of the admission of the testimony of the officers upon the ground that the affidavit for search warrant was insufficient, same having been made upon information and belief. We deem it not necessary to go into the merits of a discussion of this objection, or an analysis of the contents of the affidavit for search warrant, there being no dispute over the fact that appellant gave the officers permission to enter and search his premises.

The other bill of exception complains of the failure of the court to submit the law of circumstantial evidence. The still and liquor were in appellant's house at the time of the search. He was present, and, no other person was there save appellant's wife and some small children. We do not think it was necessary for the court to charge on circumstantial evidence. Johns v. State, 100 Texas Crim. Rep., 65, 271 S. W., 926; Jenkins v. State, 99 Texas Crim. Rep., 550, 270 S. W., 852.

No error appearing, the judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—That the evidence is sufficient to show that the premises were searched with the consent of the appellant, that is, that he waived the search warrant, is combatted in the motion for rehearing.

Roberts, a peace officer, gave testimony in substance as follows: He went to the home of Ortis, who came to the door and permitted him to enter. Roberts and Holt, the district attorney, were together. They said to Ortis: "We want to look the place over." Ortis replied, "All right." Holt asked Ortis if he had any objection to their searching the place, and Ortis replied that he had none. The officer observed the appellant's wife lying on the bed in the room and requested the appellant to ascertain from her whether she had any objection to their searching the place. The appellant spoke to his wife in Spanish. She made some reply which the officer did not understand. Ortis said, "Go ahead;" that it would be all right for the parties to search his place. After obtaining permission to search the place, without disclosing the fact that they

had a search warrant, Roberts gave the search warrant to the appellant. Another witness gave substantially the same testimony touching the permission to search the premises as did Roberts and Holt. No objection is shown to have been made to the search, either by the appellant or his wife. In the house there were found a 300-gallon copper still running, a number of barrels of mash, and about 17 gallons of whisky. Whisky was running from the still. There were other utensils bearing upon the intent. The appellant introduced no testimony.

We are constrained to regard the testimony such as to show the appellant's consent to the search of his premises under circumstances which would constitute a waiver of his subsequent right to complain of the absence of a search warrant or of the faults therein. There are numerous precedents upon the subject. Among them are Gonzales v. State, 113 Texas Crim. Rep., 122, 18 S. W. (2d) 618; Williams v. State, 112 Texas Crim. Rep., 307, 17 S. W. (2d) 56; Hall v. State, 105 Texas Crim. Rep., 365, 286 S. W., 202; Bannister v. State, 112 Texas Crim. Rep., 158, 15 S. W. (2d) 629; McPhail v. State, 114 Texas Crim. Rep., 635, 26 S. W. (2d) 218; Cornelius on Search & Seizure, 2nd Ed., p. 67, Secs. 20-23; also p. 80, Sec. 62, notes.

The motion for rehearing is overruled.

*Overruled.*