### SAM J. JONES V. THE STATE.

No. 20567. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*J. A. Kibler,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

It is shown in bill of exception No. 1 that in his closing argument the district attorney used language as follows: "The defendant could have taken the stand and testified if he had wanted to." Appellant's objection to the argument was overruled and he duly excepted. The bill of exception is qualified to the effect that when the foregoing statement was made by counsel for the State he had just finished reading that portion of the court's charge with reference to the defendant's failure to testify, and that he followed it by admonishing the jury to obey the court's charge in that respect. It is made clear from the bill of exception that appellant did not testify. The charge of the court upon the subject of the failure of the accused to testify was as follows: "The law provides that the failure of the defendant to testify shall not be taken as a circumstance against him, and you must not allude to, comment on, or discuss in your retirement the failure of the defendant to testify in this case, nor will you refer to or discuss any matter not before you in evidence."

Article 710, C. C. P., reads in part as follows: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." The provisions of this article are mandatory. The opinion is expressed that the language used by the district attorney constituted a violation of the terms of the statute and a comment on the failure of the appellant to testify. While the district attorney was warranted in reading that portion of the court's charge relative to the failure of the accused to testify, his statement to the jury following such reading cannot be held to have been authorized. Sec. McPhail v. State, 26 S. W. (2d) 218. His statement was clearly an allusion to the fact that appellant did not testify. The expression "The defendant could have taken the stand and testified if he had wanted to" was not in the charge of the court which the district attorney had read to the jury but was purely gratuitous, and clearly and unequivocally referred to the failure of the appellant to take the witness stand in his own behalf. See Brumbelow v. State, 54 S. W. (2d) 528, and authorities cited.

The judgment is reversed and cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's motion for rehearing in this case challenges the application of the rule in Wimberly v. State, 6 S. W. (2d) 120, as authority for the conclusion reached on the facts of the instant case. It is also asserted that the case of Brumbelow v. State, 54 S. W. (2d) 528, which followed the Wimberly case, is not in point because the argument in that case was not made in connection with the reading of the charge. We have given careful consideration to the two authorities, together with the facts of the case at bar, and also the insistence of the State's Attorney that the Wimberly case should be specifically overruled or that the motion for rehearing should be granted and this case affirmed.

We have concluded that a proper judgment has been rendered in the case and that the State's motion should be over-

ruled. We cannot agree with the State's Attorney that the opinion is inconsistent with the Wimberly case, or the Brumbelow case. In the original opinion, Judge Christian followed the doctrine heretofore laid down that the District Attorney had the right to read the court's charge, but the error calling for a reversal of the instant case is in the statement which the prosecuting attorney made to the jury after reading a part of the court's charge. This is the point here held to be an allusion to the fact that appellant did not testify. If it should be understood that the original opinion in this case does not hold as error any part of the attorney's statement so far as it embraced a reading of the charge, but that error was committed in the additional statement which the bill of exception shows that he made to the jury and which was not contained in the court's charge, then it is clear that the opinion is consistent with both of the previous authorities under discussion. We think that the opinion in the Wimberly case, as well as that in the McPhail case, 26 S. W. (2d) 218, correctly stated the law and that the originial opinion in this case is consistent with them.

The State's motion for rehearing in overruled.