LUTHER SCOTT v. THE STATE.

No. 20837.  Delivered February 21, 1940.

The opinion states the case.

*James F. DeLoney,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Nacogdoches County on a charge alleging that on the 27th day of May, 1939, he unlawfully possessed for sale an alcoholic beverage, and his fine was assessed at $200.00.

The appellant lived in a rented room of a house owned and occupied by Rosie Lee McKnight. Officers secured a search warrant and found six 32-ounce bottles of beer in the smoke-house out behind the dwelling in a tub on ice. The distance from the house is not stated. They searched the premises by authority of a search warrant, alleging it to be the property of the appellant.

The sheriff testified that he did not know who owned the property, but he searched it because he "had several complaints about Luther Scott bootlegging out there." When the officers searched the house they failed to find any beer or whisky in the room occupied by the appellant or in any other portion of the residence. Appellant was in the house when it was searched. There were other parties present, and in the yard, but the only evidence of the appellant's connection with it is that the officers saw him there and his testimony that he had a room rented there. The evidence connecting appellant

with the beer found in the smoke house was materially strengthened before the jury by the statement of the sheriff that he "had several complaints about Lutcher Scott bootlegging out there." The deputy sheriff also volunteered the statement that he "was jumping the defendant up about bootlegging out there." Neither of these statements were admissible against the appellant. The first is the rankest hearsay, and the second is the act and conduct of the deputy sheriff based on his own conclusion for some undisclosed reason. There is nothing else in the evidence which would in the remotest degree indicate that the appellant had been selling beer, and certainly the finding of the beer in the smoke house, shown to be in charge of another and with which the evidence fails to connect the appellant in any manner, is insufficient to support the conviction.

The case is reversed and remanded.