CLIFF WILLHITE v. THE STATE.

No. 21560. Delivered April 23, 1941.

The opinion states the case.

*C. O. McMillan, J. F. Whisenant,* and *W. J. Oxford, Jr.,* all of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

GRAVES, Judge.

Appellant was convicted of the possession of intoxicating liquor for the purpose of sale in a dry area, and by the jury sentenced to serve thirty days in the county jail.

The testimony shows that the officers came to appellant's home and asked permission to search for intoxicating liquors, which permission was granted. They found eighteen cans of beer in the refrigerator within the house. They then began a search of the outlying grounds and found some holes in the ground where evidently some objects had been buried, and a pathway from appellant's house to such holes. On account of recent rains the tracks were plain of about a No. 8 shoe leading from appellant's house to these holes in the ground, and from such holes further until about 100 or 150 yards away from appellant's home, but on the land of another, they found two cases, or forty-eight cans of beer, the tracks thereto coming from appellant's home and leading back thereto, with no other tracks in evidence. However, as above stated, these last two cases of beer were found on the land and near the house of another. When the officers returned to the appellant's house with these two cases and started to take possession of the eighteen cans first found in the refrigerator, eight cans thereof had disappeared and they only recovered ten cans. Where the eight cans had gone to no one seemed to know. The appellant had two boys who lived with him, both being practically grown men.

The State had no other or further circumstances, but relied upon the possession of this amount of beer as prima facie evidence of a possession for the purpose of sale, and the court

gave the jury an instruction relative to such possession as prima facie evidence of an intent of sale.

It is noted that in the statement of facts nowhere is it shown the fluid content of the cans of beer thus found. The statute relative to prima facie evidence provides that "possession by any person in any dry area of beer in any quantity exceeding (24) twenty-four bottles having a capacity of (12) twelve ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area." Art. 667-25 (b), Vernon's Tex. Statutes, 1939 Cumulative Supp.

It is also noted that the information herein is not signed by the county attorney presenting the same. The rules of good pleading require such to be signed by such officer. See Art. 414, Sec. 9, C. C. P.

The State was forced to rely upon circumstantial evidence to establish the possession for the purpose of sale. It is our opinion that the facts presented do not exclude every other reasonable hypothesis than that of appellant's possession of this amount for such purpose. The beer found outside the house seems to have been on the premises of another than appellant, although on a path leading from and to appellant's home, where two other parties also resided with him. While strongly pointing to the guilt of some one at appellant's home, the exact one of the three would be difficult to say from the testimony presented to us.

We therefore think that the testimony fails to measure up to the standard required in circumstantial evidence cases of excluding every other reasonable hypothesis. The judgment is therefore reversed and the cause remanded.