FRANK GONZALES V. THE STATE.

No. 21810. Delivered December 17, 1941.

The opinion states the case.

*Guinn & Guinn,* of Rusk, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

The sufficiency of the evidence to support the conviction is challenged.

While appellant was away from home, peace officers, by and with the consent of his wife, searched the home, yard and chicken yard, for intoxicating liquor, but failed to find any. As to what was then done is best shown by quoting from the testimony of one of the officers, who said:

"I then (after the search of the house and yard) went out in the back yard and looked around and followed some tracks from the house on West of the house and went across some grass and then picked up some tracks on the other side of the grass and found a place where it looked as though something had been buried. I had a pole or stick that I had picked up and probed in the ground and found something. I then went back and got a shovel and found this jar of whisky which was a

gallon of whisky. The dirt where this was buried looked as though it had been buried since it rained the last time before. It was moist dirt where it had been dug up and all around it was dry dirt. This place was about 35 to 40 yards from the house and west of the house. There was no fence between the house and the place where I found this."

A public road or street passed along the front of appellant's home and the lot where the whisky was found. The officers made no search for tracks leading to or from this road to the place where the whisky was found.

There is no testimony on the part of the State showing that the lot or plot of ground where the whisky was found was a part of appellant's home, or that he occupied, used, or exercised any control over it. It appears that the place where the whisky was found was nothing more than a vacant lot adjoining the lot upon which appellant's home was situated. No description of the tracks which the officers saw is given, nor is it shown that they compared with or were similar to those of appellant, or of any member of his household, which consisted of himself, his wife and his brother, who lived with him.

Appellant, testifying as a witness in his own behalf, denied any knowledge of or connection with the whisky so found. He said that his home was situated on a lot 50 feet by 150 feet, and that the vacant lot where the whisky was found belonged to a Dr. Moseley.

For appellant to be guilty of the offense charged, he must have had the possession of the gallon of whisky found by the officers; that is, he must have been exercising care, control, or management of the same. To meet this burden, the State relied upon the circumstances shown.

There is perhaps no rule of law more firmly established than that relating to the sufficiency of circumstances relied upon to establish the guilt of an accused; which is that, the circumstances proven must exclude every other reasonable hypothesis except the guilt of the accused. Proof which amounts only to a strong suspicion or mere probability is not sufficient.

The conclusion is reached that such circumstances amount to proof no stronger than a suspicion or mere probability. In support of this view, see: Willhite v. State, 150 S. W. (2d) 251;

Ricker v. State, 140 S. W. (2d) 177, 139 Tex. Cr. R. 304; Allen v. State, 136 S. W. (2d) 232, 138 Tex. Cr. R. 303; Scott v. State, 137 S. W. (2d) 39, 138 Tex. Cr. R. 484; Rice v. State, 53 S. W. (2d) 629, 122 Tex. Cr. R. 64; Branch's P. C., Sec. 1877.

The evidence being insufficient to support the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.