TOMMIE "BLACKIE" GEORGE V. THE STATE.

No. 22128. Delivered May 20, 1942.

The opinion states the case.

*W. C. Dowdy,* of McKinney, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whiskey for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

The sufficiency of the evidence to support the conviction is challenged.

Appellant was sitting in his yard, with two other men, when peace officers approached his house and premises for the pur-

pose of making a search for whiskey. He was heard to call to his wife, who was in the house, to "look out." Officers immediately went into the house and found the wife pouring something from a fruit jar into a tub containing what is referred to as "lysol water." A strong odor of whiskey was prevalent.

Adjoining the rear of appellant's premises was a small cane patch, immediately adjacent to which was a corn field separated by an old barbed wire fence. At three different places in the corn field, and within 100 or 150 yards of appellant's house, the officers found a total of nineteen gallons of corn whiskey in half-gallon fruit jars, in cardboard boxes, in tow sacks. The officers were able to make the discovery by reason of tracks leading from appellant's house across the cane patch, into the corn patch, and to the places where the whiskey was found.

One of the officers testified: "Tracks came into the cane patch and so I back-tracked those tracks. Those tracks led me straight to the back door of the Defendant's house." Another of the officers testified that the tracks "all looked like the same shoe track to me, but made at different times." Still another officer testified: "You could tell only one person had made those tracks."

It is the State's contention that possession by appellant of the whiskey is shown by the tracks so found and traced by the officers, and that such tracks were made by him.

On another side of the corn field other houses were situated. There is an absence of any proof of tracks leading to, or in the direction of, such houses or to an adjacent public road.

The corn and cane patches were owned by a man named Miller and were being cultivated by his son.

Appellant's household at the time consisted of himself, wife, and 14-year-old daughter. The evidence does not reflect that the two men seated with appellant in the yard at the time the officers approached resided with him.

The appellant did not testify as a witness in his own behalf and did not offer any affirmative defense.

The insufficiency of the State's evidence to establish that appellant was in possession of the corn whiskey lies in the

fact that there is no description of the tracks so found by the officers, and upon which the State relied for a conviction. The statement of facts has been searched on this point, and the only evidence we find is that the tracks were made by the "same shoe" and that "only one person had made them." Whether they were tracks that were made or might have been made by a woman, man, or child, is not shown. There is no evidence as to size or peculiar markings by which the person making the tracks might have been identified.

In addition to the appellant, there were two persons, namely, his wife and daughter, who were in position to make, and who could have made, those tracks. Such facts, therefore, raise an outstanding hypothesis of the guilt of others than the appellant. In order for the State's case to be sufficient to show the possession of the whiskey so found in the appellant, it is necessary that the testimony exclude the outstanding hypothesis mentioned.

To say that the tracks upon which the State relies to show possession of the whiskey were those of the appellant, or were made by him, would be to indulge in a presumption not finding support in the testimony.

From what we have said, it follows that we are of the opinion that the evidence is insufficient to support the conviction. Such conclusion finds support in the recent cases of: Gonzales v. State, 156 S. W. (2d) 988; Crutchfield v. State, 132 S. W. (2d) 855, 137 Tex. Cr. R. 569; Allen v. State, 136 S. W. (2d) 232, 138 Tex. Cr. R. 303; Willhite v. State, 150 S. W. (2d) 251, 141 Tex. Cr. R. 555; Rice v. State, 53 S. W. (2d) 629; 122 Tex. Cr. R. 64.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.