## GILES JONES V. THE STATE.

No. 22180. Delivered June 17, 1942.

The opinion states the case.

*Rollie Fancher,* of Seymour, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possessing intoxicating liquor in a dry area for the purpose of sale. The punishment assessed is confinement in the county jail for a period of five days.

It appears from the record that on the afternoon of December 24, 1941, officers, armed with a search warrant, went to the home of appellant and searched the same for intoxicating liquor. As a result of the search they found four pints of wine and one and one-half pints of whisky. Appellant and his wife each testified that they had the wine and whisky for "Christmas cheer"; that they intended to have some eggnog on Christmas day. Appellant's wife further testified that the two pint bottles of wine belonged to her; that she kept the wine for her personal use.

The sheriff testified that previous to the search he told the defendant that if he did not quit selling whisky he was going to catch him. This testimony was timely objected to upon various grounds, and we will discuss the same later herein.

By Bill of Exception No. 1 appellant objected to the testimony of the officers as to what they found as a result of the

search upon the ground that the search was illegal because the search warrant did not properly describe the premises which were searched. We need not determine this question because appellant admitted that he possessed the liquor. Of course, the admission in evidence of the search warrant was improper. However, that question passed out of the case when appellant testified.

By Bill of Exception No. 2 appellant objected to the testimony given by the sheriff to the effect that he told appellant prior to the time of the search that he was going to catch him if he did not stop selling whisky. It appears to us that this was but an opinion or a conclusion of the sheriff based upon some rumor because if he had personal knowledge or credible information thereof, he, no doubt, would have made a complaint against appellant. That this testimony was harmful and prejudicial is obvious because the State had to rely upon the statutory rule of prima facie evidence as a circumstance from which an inference arose that appellant had the intoxicating liquor for the purpose of sale, but this presumption was vigorously combatted by the testimony of the appellant and that of his wife; hence the testimony of the sheriff was thrown into the scale against appellant to bolster up the prima facie rule of evidence applicable by reason of the fact that he possessed more than one quart of intoxicating liquor. This was error. See Scott v State, 138 Tex. Cr. 484; 137 S. W. (2d) 39.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.