### FRANK FOX v. STATE.

No. 24501. November 16, 1949.

*Cox & Cox,* and *O. H. Woodrow,* Sherman, for appellant.

. *Ralph Elliott,* County Attorney, *Rayburn Nall* and *Hal Rawlins,* Assistants County Attorney, Sherman, and *George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is possession of whiskey in a dry area for the purpose of sale. The punishment assessed is a fine of $250.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The record reflects that on the 10th day of July, 1948, officers, armed with a search warrant, went to the home of appellant with the purpose of searching the same for intoxicating liquor. Upon their arrival at his home, they found that he was absent but his wife was there. They handed her a copy of the search warrant and then began their search, and, in a kitchen cabinet, they found one unopened pint of Bourbon DeLux whiskey. They then went over into a 6-acre pasture in which a barn was located and, near the barn buried in the ground, they found a milk can which contained nine pints of Bourbon DeLux whiskey. They took possession of this whiskey, carried it to the sheriff's office, and then made a complaint against appellant. The testimony of the defendant as well as that of the widow of Rat Cox, deceased, and other witnesses is to the effect that the pasture and barn were separated from appellant's home by a fence; that Rat Cox had rented it from appellant; that Cox had the possession of the pasture and barn and had control thereof at the time the whiskey was found by the searching officers; and that Rat Cox was a notorious bootlegger. This testimony is uncontradicted by any fact or circumstance. Moreover, a Negro by the name of Brown testified that he worked for Rat Cox about the time in question; that, at the direction of Rat Cox, he buried a milk can in the shed part of the barn located in the pasture near appellant's home and placed the whiskey therein. This is, in substance, all of the evidence introduced by both the state and the defendant. It occurs to us that the evidence in this case wholly fails to connect appellant with the possession of the whiskey in question since he was not in possession of the premises where the whiskey was found, nor is there any evidence that he exercised any control over it or the premises. The evidence barely raises a suspicion, but suspicious circumstances do not justify a conviction for a penal offense. In support of the opinion here expressed, we refer to the following authorities: Gonzales v. State, 143 Tex. Cr. R. 48, 156 S. W. 2d 988; George v. State, 144 Tex. Cr. R. 183, 162 S. W. 2d 110; Frazier v. State, 143 Tex. Cr. R. 334, 158

S. W. 2d 809; and Crutchfield v. State, 137 Tex. Cr. R. 561, 132 S. W. 2d 855.

From what we have said it follows that the judgment of the trial court should be reversed and remanded, and it is so ordered.

Opinion approved by the court.