JOE WILSON v. STATE.

No. 24577. January 18, 1950.

W. E. *Martin*, Abilene, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of wine and beer in Taylor County, a dry area, for the purpose of sale. The punishment assesseed by the jury—a fine of $100 and imprisonment in jail for 30 days.

On June 4, 1949, operating under a search warrant, a group of officers went to the premises in the city of Abilene used by appellant as a place of business and as a place of residence. The officers likewise had a search warrant authorizing the search of the adjoining premises occupied by one R. C. Welch, and the two places were searched at the same time.

To the rear of appellant's building, a distance of some 15 or 20 feet therefrom, and at or near the division line between the two properties under search, was located a small home-made trailer house, evidently built for use as living quarters.

Through a window of this trailer house which he prized out, one of the officers saw several cases of beer and wine. The door being locked, some of the officers searched for a key in appellant's building, but failing to find such key, entrance was effected by removing some screws from the latch.

All of the beer or wine found as a result of the search (some 30 cases) was found in the trailer house, and seized by the officers and offered in evidence on the trial.

It was admitted that Taylor County was a dry area.

Appellant was found by the officers in the building used by him for residence and business purposes. He was drunk, and the officers being unable to arouse him, left the warrant on his bed and made the search.

No question is raised as to the legality of the search, and no

exceptions were reserved to the charge of the court submitting the case to the jury on circumstantial evidence, and charging the prima facie evidence rule by reason of the amount of beer and wine in possession.

The serious question raised is as to the sufficiency of the evidence to show possession of the beer and wine in appellant. It is his position that the evidence does not exclude the hypothesis that some other person had possession of the trailer house, and of the beer and wine found therein.

State witnesses testified that there was a well-beaten path from the door of appellant's building to the door of the trailer house, but there was no proof offered to show that appellant had a key to the trailer house; that he owned or claimed to own it, or that he exercised any character of control or custody over it.

Witnesses for appellant testified that the trailer house was located, at least in part, on the property to the rear of Welch's building and pictures were offered in evidence which are said to show some character of path from Welch's building to the trailer house, as well as the location of the trailer house in reference to the building. State witnesses, however, testified that the trailer house had been moved after the search and before the pictures were taken.

Appellant testified that the trailer house belonged to one W. N. Smith; that it was moved about February, several months prior to the search, and about the time Smith ceased to occupy it; that he did not own the trailer house, and did not know a thing about what was in it, and had so informed the officers when he woke up and was told of the search.

Neither Smith or Welch testified, and the record fails to account for their absence.

It was not shown what, if any, land was owned or leased by appellant, and no witness claimed to know the location of the division line between the properties in question on the ground.

In Gonzales v. State, 143 Tex. Cr. R. 48, 156 S. W. 2d 988, we said: "There is perhaps no rule of law more firmly established than that relating to the sufficiency of circumstances relied upon to establish the guilt of an accused; which is that, the circumstances proven must exclude every other reasonable

hypothesis except the guilt of the accused. Proof which amounts only to a strong suspicion or mere probability is not sufficient."

Many suspicious circumstances against appellant are shown, but the evidence does not to our mind exclude every other reasonable hypothesis than that of the guilt of appellant.

Therefore, the judgment is reversed and the cause remanded.

Opinion approved by the court.