WOODSON B. KING v. STATE

No. 28,585. November 28, 1956.

Chas H. Dean, Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of whiskey for the purpose of sale in a dry area; the punishment, a fine of $300.00.

The evidence shows that the appellant worked on the Tom Elliott farm in Hale County, operating irrigation wells.

Texas Liquor Board Inspector Loyd Dunlap testified that around 10:30 in the morning he and Inspector Jones went to the vicinity of the farm and, with high-powered field glasses, from a distance of one-third to one-half mile away, observed the appellant and his actions until about 2:30 o'clock that afternoon.

In describing his observations, Officer Dunlap testified that he first saw appellant working around an irrigation well north of the Elliott home and that appellant got in his pickup, drove to the north end of the field, got out, took six steps sideways, reached down and picked up two brown packages, went back to his pickup and drove back around the edge of the field to the first point; that appellant then got out of his pickup, went about twenty steps and took the two brown packages and put them in the field, came back to his pickup and went to the house; that appellant then drove to a well northwest of the house, got out, stepped over the fence and, after going down the fence, picked up a brown package, put it under his arm, returned to his pickup, and went back to the house; that appellant then came back to the well northwest of the house, then drove back towards the house, stopped and dug in the dirt and didn't find anything but then drove a few more yards and after getting out and digging in the dirt picked up another brown package, got in his pickup and again drove to the house; and that appellant then returned to the field where he had put the first two packages, picked them up and returned to the house.

Inspector Dunlap further testified that, after giving a copy of a search warrant to Mrs. Elliott, he and Inspector Jones proceeded to search the premises; and, in the search, they found eighteen pints of Old Crow Whiskey in "bootleg wrappers," partially covered with dirt, just a few feet over the fence in a grain field, and at the same spot where he had previously observed the appellant stoop over and pick up the package. He further

testified that, according to the Hale County map, the grain field was on the Tom Elliott farm, but that he did not have personal knowledge that it was, and that, during his four hours of observation, he saw no one near where the whiskey was found except the appellant.

Inspector Jones, in his testimony, substantially corroborated that of Inspector Dunlap relative to the finding of the whiskey.

It was stipulated that Hale County was a dry area.

As a witness in his own behalf, appellant denied any knowledge of any whiskey being in the grain field or of having gone into the field or handled any brown packages on the day in question. He further testified that the grain field did not belong to Tom Elliott, and offered other testimony in support of his contention.

The issue of appellant's guilt was submitted to the jury upon a charge on circumstantial evidence, and appellant questions the sufficiency of the evidence to support their verdict.

The question presented is whether the evidence is sufficient to show beyond a reasonable doubt that appellant possessed the whiskey in question and excludes every other reasonable hypothesis except that of his guilt.

The testimony, from the state's standpoint, shows that the eighteen pints of whiskey, in three "bootleg wrappers," were found near where the appellant was working and, according to Inspector Dunlap, at the same spot he had observed the appellant stoop over and pick up one of the brown packages. The testimony of the two inspectors further shows that the appellant was exercising care, custody and control of the several brown packages at various locations on the ground in the general vicinity and particularly of a package at the very spot where the whiskey upon which this prosecution is based was found. This testimony, in our opinion, is sufficient to show that appellant possessed the whiskey in question, and excludes every other reasonable hypothesis except that of his guilt.

The cases of Crutchfield v. State, 137 Tex. Cr. R. 569, 132 S.W. 2d 855, and Allen v. State, 138 Tex. Cr. R. 303, 136 S.W. 2d 232, relied upon by the appellant, under the facts, are not here controlling. In the Crutchfield case, the only evidence tending to connect the accused with the whiskey was that he

was seen to stoop down over or near where the whiskey was found; whereas, in the present case, the appellant was not only seen to stoop over at the spot where the lugs of whiskey were later found but was also observed to pick up a package and carry it away. In the Allen case, the accused was not seen nearer than sixty feet from the beer which was seized, and there was no other evidence tending to connect him with it.

Appellant complains of the action of the court in permitting the state's witness Dunlap to testify that a map showed that the grain field where the whiskey was found was on the Tom Elliott farm, over the objection that the map itself was the best evidence. The record reflects that the testimony complained of was given by the witness on cross-examination and after the witness, in his prior cross-examination, had repeatedly given the same testimony without objection; hence no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.