## COLLIN ROBINSON V. STATE.

No. 30,040. November 19, 1958.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court, without a jury, appellant was convicted under his plea of guilty to an information, which omitting the formal parts charged that he did "unlawfully possess a certain still, and mash, material, equipment, and supplies for the manufacture of liquor capable of producing intoxication" and his punishment assessed at 15 days in jail and a fine of $250.

A motion to quash the information on the ground that it was insufficient in law to charge an offense was timely presented by the appellant and by the court overruled.

Art. 666-17a(1) V.A.P.C. of the Texas Liquor Control Act provides:

"It shall be unlawful for any person to have in his possession any equipment or material designed for, capable of use for, or used in the manufacture of any illicit beverage."

An "illicit beverage" is defined in Art. 666-3a(4) of the Act as:

"any alcoholic beverage manufactured, distributed, bought sold, bottled, rectified, blended, treated, fortified, mixed, proc-

essed, warehoused, stored, possessed imported, or transported in violation of this Act, or on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto; and any alcoholic beverage possessed, kept, stored, owned, or imported with intent to manufacture, sell, distribute, bottle, rectify, blend, treat, fortify, mix, process, warehouse, store, or transport in violation of the provisions of this Act."

Under such definition, mere liquor capable of producing intoxication, as was alleged in the information, is not an "illicit beverage."

It follows that the information did not charge an offense under the statute and that the appellant's motion to quash should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

I can not agree that there is no statute in this state making unlawful the possession of a still for the manufacture of intoxicating liquor. Such is the holding of my brethren.

It is my conviction that the first section of Art. 666-4, Vernon's P.C., the liquor control act, makes unlawful the possession of a still capable of being used for manufacturing liquor. That section reads as follows:

"It shall not be unlawful to manufacture, distill, brew, sell, import, export, transport, distribute, warehouse, store, possess, possess for the purpose of sale, bottle, rectify, blend, treat, fortify, mix, or process any liquor in this State, nor to possess any equipment or material designed for or capable of use for manufacturing liquor, provided that the rights and privileges so to do are granted by any provision of this Act. It is further expressly provided that any rights or privileges granted by the provisions of this Section, as exceptions to the prohibited acts in other sections shall be enjoyed and exercised only in the manner as provided. Any act done by any person which is not granted in this Act is hereby declared to be unlawful * * * ."

That statute covers two fact situations. It says that it is not

unlawful for one to possess a still capable of use in manufacturing liquor if, under the provisions of the liquor control act, the right to possess the still is authorized. In common practice and application, it is meant thereby that it is not unlawful to possess a still under a license or permit. The act then says that "Any act done by any person which is not granted in this Act is hereby declared to be unlawful." That means nothing more or less, then, but that the possession of a still for the manufacture of liquor is unlawful and continues to be unlawful so long as no license or permit authorizes it to be possessed.

But my brethren say that it is unlawful to possess a still for the manufacture of only illicit liquor, and that to charge the commission of that unlawful act the information must allege that the still was possessed for the purpose of manufacturing an illicit beverage.

A beverage does not become "illicit" until it is manufactured and brought into existence. Whether the beverage is "licit" or "illicit" depends upon the completed product and the possesion and handling thereof. An intoxicating beverage may be legally manufactured. What is done with it thereafter may make it an "illicit" beverage.

So one may lawfully possess a still for the manufacture of intoxicating liquor and yet violate the law in the manufacture or the handling of the liquor thereafter, so as to render the possession of the still unlawful even with a license.

It was to such conditions and to control the possession and handling of the liquor after manufacture that Art. 666-17a, Vernon's P.C., was intended to apply.

It is a violation of the law for one to possess a still for the manufacture of intoxicating liquor. If the still is lawfully possessed, proof of such fact would constitute a complete defense.

The information charges a violation of the law and the prosecution ought not to be ordered dismissed.

I respectfully dissent.