It was to such conditions and to control the possession and handling of the liquor after manufacture that Art. 666–17a, Vernon's Ann.P.C., was intended to apply.

It is a violation of the law for one to possess a still for the manufacture of intoxicating liquor. If the still is lawfully possessed, proof of such fact would constitute a complete defense.

The information charges a violation of the law and the prosecution ought not to be ordered dismissed.

I respectfully dissent.

**Henry SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 30041.**

Court of Criminal Appeals of Texas.

Nov. 19, 1958.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of unlawfully possessing a still and equipment for the manufacture of intoxicating liquor and his punishment assessed at 15 days in jail and a fine of $250.

The conviction is upon a complaint and information containing allegations similar to those in Robinson v. State, Tex.Cr.App., 318 S.W.2d 62, which we held insufficient to charge such an offense.

For the reasons stated in the Robinson case, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the court.

DAVIDSON, Judge (dissenting).

For the reasons set forth in my dissenting opinion in the case of Robinson v. State, Tex.Cr.App., 318 S.W.2d 62, I dissent herein.