## LOIS GILL V. STATE

No. 31,837. April 6, 1960

*Jones & Jones,* by *James T. Flynt,* Mineola, for appellant.

*James L. Hartsfield,* County Attorney, Quitman, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of whisky in a dry area for the purpose of sale; the punishment, ten days in jail and a fine of $100.

Proof was offered that Wood County was a dry area.

Two deputy sheriffs followed the appellant, who was driving a taxi cab, from Mineola to a place where he stopped the cab on a rural road. From a distance of about 150 yards they observed appellant, who was not carrying anything, leave the cab and go into some weeds and bushes. The officers drove up behind the cab. At this time appellant emerged from the

bushes and entered the road about thirty-five yards in front of the cab. One officer went to the appellant and the other into the bushes at the point where appellant had entered. When appellant was asked what he was looking for he replied "just looking around". A search of the appellant and the cab did not reveal any intoxicants. Thirty-two half-pints of whisky were found about thirty yards from the cab in the weeds and bushes. No path or trail lead to or from the whisky. The officers stated that they didn't know who owned or had control of the land on which the whisky was found. An examination for fingerprints revealed no readable prints.

Appellant testifying in his own behalf admitted stopping his cab and entering the bushes as the oficers testified, but he says he did so as he told them to answer a call of nature due to medicine he had recently taken. He denied any connection with or knowledge of the whisky the officers found, and further said that he didn't own or have any control of the land where it was found.

The facts and circumstances are not sufficient to show that the appellant owned or had the possession of the whisky. Crutchfield v. State, 137 Tex. Cr. Rep. 569, 132 S. W. 2d 855; Gonzales v. State, 143 Tex. Cr. Rep. 48, 156 S. W. 2d 988.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.