**John Raymond MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38783.**

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Feb. 9, 1966.

Farrar & Claunch, by Jim Claunch, Fort Worth, Ferguson & Busby, by Don Busby, Cleburne, (on rehearing), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant was found guilty of having in his possession "equipment and material designed for and capable of use for, and used in the manufacturing of illicit beverages containing alcohol in excess of one-half of one per cent by volume" in a dry area. His punishment was assessed by the jury at 6 months in jail and a fine of $500.

Reversal is sought upon the contention that Art. 666–17a(1) Vernon's Ann.P.C., under which the complaint and information were drawn, is unconstitutional in that it is too vague, general and indefinite and fails to advise the accused of the charges against him.

Art. 666–17a(1) reads:

"(1) It shall be unlawful for any person to have in his possession any equipment or material designed for, capable

of use for, or used in the manufacturing of any illicit beverage."

Illicit Beverage is defined in Art. 666–3a(4) and includes any alcoholic beverage manufactured, stored, possessed * * * in violation of the Texas Liquor Control Act.

Art. 666–4(b) provides that it shall be unlawful for any person in any dry area to manufacture, distill * * * any liquor, distilled spirits, whiskey * * *.

These statutes were considered by this Court in Robinson v. State, 167 Tex.Cr.R. 40, 318 S.W.2d 62, wherein the information which failed to allege that the area was dry or that the beverage to be manufactured was illicit was held to charge no offense.

■ Construed in connection with the other provisions of the act above set out, which define illicit beverage and make it unlawful to manufacture liquor in a dry area, we overrule the contention that Section 17a (1) of the Texas Liquor Control Act is not sufficiently definite and certain as to advise the accused of the charges against him.

A similar statute was upheld in Johns v. State, 100 Tex.Cr.R. 65, 271 S.W. 926. See also Gifford v. State, 101 Tex.Cr.R. 7, 274 S.W. 149.

The sufficiency of the evidence to sustain the jury's verdict is challenged.

It was stipulated that the area was dry.

The state relied upon circumstantial evidence.

W. M. Richardson, of the Texas Liquor Control Board, testified that he had known appellant for 2 or 3 years; that on December 11, 1964 he was checking a still that he had previously found and saw appellant there.

There were four 50 gallon barrels full of mash and other barrels; a copper tank or cooker; a coiled copper tubing with connections that would fit the tank to the tubing; a butane bottle and three star burners which were lit.

According to the witness Richardson, the appellant was there from about 1:30 to 4 o'clock P.M.; he was around this still equipment and he was moving, arranging and working with it.

Appellant's truck was there loaded with cedar trees (or Christmas trees).

C. W. Strawn, Sheriff of adjoining Somervell County, testified that he was with Mr. Richardson. He described the equipment as nine barrels, four with mash in them, a butane bottle and three butane burners on it sitting between the four barrels. "There were two barrels on each side with a tarp over the top of them, and these bottles or burners were burning. Then there was a copper pot * * *."

"Q. Have you seen equipment such as you found there where Mr. Curly Moore was messing around with before?

"A. Yes, Sir, I have."

He further testified that this particular still had all the equipment it needed to make or manufacture whiskey.

Police Officer Tom Kirkpatrick also described the equipment and testified that it was capable of making whiskey or "white lightning."

■ The evidence is sufficient to sustain the jury's finding that appellant had possession of the equipment or still used to manufacture illicit beverages.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

In his motion for rehearing the appellant cites two cases involving circumstances held insufficient to show possession and urges that we distinguish them from the case at bar.

In Gonzales v. State, 143 Tex.Cr.R. 48, 156 S.W.2d 988, the only evidence linking

the accused to a gallon of whiskey found buried on a vacant lot was some unidentified tracks near his home leading to the area where the bottle of whiskey was uncovered. It was further shown in that case that a public road near the lot and appellant's home would allow any traveler access to the spot where the bottle was buried.

In Gill v. State, 169 Tex.Cr.R. 297, 334 S.W.2d 181, the evidence of possession was held insufficient where a taxi cab driver who was carrying nothing was seen to enter a bushy area, where officers subsequently found some bottled whiskey, and to emerge still carrying nothing.

These cases are readily distinguishable from the instant case because here eye witnesses testimony placed the appellant at the scene of the still, working and arranging the equipment.

Remaining convinced that this cause was properly disposed of on original submission, appellant's motion for rehearing is overruled.