[No. 2100.]

TAYLOR KENNEDY *v.* THE State.

PLEADING—INFORMATION.—An indispensable prerequisite to the sufficiency of an information is that it charges the offense to have been committed anterior to the filing of the same.   The complaint can not be resorted to to supply such an omission.

APPEAL from the County Court of Walker.   Tried below before the Hon. J. M. Smither, County Judge.

The offense attempted to be charged by the information in this case, and for which the appellant was convicted, was a misdemeanor theft.   The penalty imposed was a fine of fifty dollars.

*Abercrombie & Randolph,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It is alleged in the information that the offense was committed on the fifteenth day of November, 1884, and the information was presented and filed on said day. There is no allegation that the offense was committed *anterior* to the filing of the information.

One of the statutory requisites of an information is, "that the *time* of the commission of an offense be some date *anterior* to the filing of the information." This requisite must be apparent from the information itself, and the complaint upon which the information is founded can not be resorted to to supply it. We must hold the information to be fatally defective, notwithstanding the complaint shows that *it* was filed subsequent to the commission of the offense. (Code Crim. Proc., Art. 430; Williams v. The State, 12 Texas Ct. App., 226; Wilson v. The State, 15 Texas Ct. App., 150; Goddard v. The State, 14 Texas Ct. App., 566.)

The judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*