# JANUARY 31, 1940

BASCOM ALLEN V. THE STATE.

No. 20,813. Delivered January 31, 1940.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of the unlawful possession of beer for the purpose of sale, and by the court sentenced to pay a fine of $100.00, and to also serve thirty days in the county jail.

Bill of exceptions No. 1 complains of trial court allowing the sheriff to testify, in substance, that an unnamed engineer

on the Santa Fe Railroad came into the sheriff's office and asked the sheriff if he wanted to catch a bootlegger. Upon receiving an affirmative answer, he told the sheriff to go down to a certain place on the railroad right of way and he would find one. Although appellant's objection to such testimony was sustained, nevertheless same appears in the statement of facts. This testimony, in the event of another trial, should not be offered nor admitted.

We are of the opinion that the facts themselves are insufficient to establish the appellant's guilt. They show, in substance, that the sheriff and a ranger went to the place designated by the above mentioned engineer, and on the grade of the railroad they saw appellant and started in pursuit of him, and he immediately began to run, the ranger firing several shots at him, or in his direction. The sheriff did not join in the pursuit, but the ranger ran appellant about a half mile into a pasture and captured him and brought him back to the scene of the beginning of the chase. About sixty feet away from where appellant was first seen the sheriff found four cases of beer in a washout near the roadbed. The beer was covered with a blanket. No one had a warrant for appellant's arrest, and no further testimony appears connecting appellant with this beer, and its ownership was not further shown. Appellant denied knowing anything about the beer, and explained his presence near the beer satisfactorily at least to himself. He said he ran because the ranger was shooting at him, and that he did not know who any of his pursuers were, nor why they were pursuing him.

No one saw appellant nearer than sixty feet from the hidden beer, and no connection therewith was even remotely suggested, save that when accosted he ran, and doubtless accelerated his speed when the ranger began shooting. We do not think these facts are sufficient to show beyond a reasonable doubt that this was his beer. See Crutchfield v. State, 132 S. W. (2d) 855.

The trial court charged a punishment not found in the statute. He charged the punishment for the unlawful possession of beer for the purpose of sale in a dry area to be "not less than $25 and not more than $1000, or at confinement in the county jail of Lubbock County for not more than one year, or by both such fine and imprisonment," etc. We are unable to find any such denunciation in any of the penal provisions of the liquor laws. We do find that Art. 667-26, Vernon's Texas Penal Code, 1939 Supplement, also in the 1938 Supplement, provides a penalty of not less than $25 nor more than $500,

or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment. We also find under Art. 666-41 Penal Code, supra, that there is a penalty provided of a fine not less than $100 nor more than $1000, or by imprisonment for not more than one year, and we note that this latter statute does not provide for both such fine and imprisonment. We call attention to the case of McBride v. State, 129 S. W. (2d) 315, in which we held that the penalty for the unlawful possession of intoxicating liquor in a dry area for the purpose of sale is governed by Art. 666-41, Vernon's Ann. Texas Penal Code, and that such article does not provide for the assessment of both a fine and a jail term. Also see Ruffin v. State, 134 S. W. (2d) 293.

We further note that the judgment of the court was not only improper in that it assessed both a fine and imprisonment against the appellant, but we further notice that such judgment does not follow the jury's verdict. It is also observed that the verdict of the jury is uncertain, and same should not have been received by the court. The verdict reads as follows:

"We, the jury, find the defendant guilty as charged, and assess his punishment at a fine of $100.00 and/or confinement in the county jail of 30 days.        J. I. Barrett, Foreman."

This verdict appears, however, in the judgment of the court exactly as quoted above, with the exception of the omission of the word "or," leaving the punitory phrase thereof to read 100 *and* 30 days in jail.

It is elemental that verdicts of juries must be certain, and their meaning and construction not left in doubt nor to speculation. Did this verdict mean that appellant was to be fined $100, or confined in jail for a period of thirty days, or did it mean that he was to be fined and also confined in jail? The trial court had no right to himself construe this doubtful verdict. He should have refused to receive the same, and sent the jury back to correct the verdict. The words "and/or" have oftentimes been criticised as of doubtful meaning, and surely can not be accepted in the finding of a jury and its verdict, nor utilized by the court in its judgment.

For the errors mentioned this judgment is reversed and the cause remanded.