## EUNIE COBB v. THE STATE.

No. 20993. Delivered April 24, 1940.
On Motion for Rehearing May 22, 1940.

The opinion states the case.

*Ronald Smallwood,* of Lubbock, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of theft of property of the value of less than fifty and over five dollars, and his punishment assessed at confinement in the county jail for a period of thirty days.

The State's testimony shows that on the morning of December 9, 1939, the appellant and his brother, in a Ford car with a trailer attached, drove onto T. A. Pate's premises, picked up a tractor wheel and placed it into the trailer. Mr. Pate, who saw them, walked up to where they loaded the wheel and inquired of them what they were doing, to which one of the men replied that they were taking the tractor wheel. At the request of Mr. Pate, they put the wheel back. Mr. Pate made them drive into Lubbock, where he turned them over to the sheriff and then made a complaint against each of them for theft. With reference to the value of the wheel, Mr. Pate testified: "I think that the wheel they had taken and put in the trailer probably ought to be worth ten dollars." This was all and the only testimony as to the value of the wheel. Appellant did not testify or offer any affirmative defense.

The case was submitted to a jury who returned the following verdict: "We, the jury, find the defendant guilty as charged, and assess punishment at a fine of $0.00, and/or confinement in the County Jail of 30 days."

It is obvious that the verdict is uncertain and for that reason cannot be upheld. This court, in the case of Allen v. State, 136 S. W. (2d) 232, passed upon a verdict couched in similar language and held it insufficient. In the case of Compton v. State, 91 S. W. (2d) 732, the term "and/or" appearing in an indictment was severely criticized by this court.

We note that appellant in due time objected to the court's charge on the ground that the court assumed the value of the wheel to be ten dollars. We suggest that upon another trial the court reform its charge so as to meet the objection.

From what we have said it follows that the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant files a motion calling attention to a matter which makes it necessary to change our order reversing and remanding of date April 24, 1940, to an order reversing and ordering a dismissal of the prosecution under the present information. The defect in the information was pointed out in appellant's brief but was overlooked on original submission.

The offense was alleged to have been committed on December 9, 1939. Both the complaint and information were filed that same day. It is averred in the complaint that the offense was committed "before the making of this complaint," but no such averment is found in the information. The statute, Art. 414 C. C. P. (1925) Subdivision 6, requires that the time alleged in the information be "some date anterior to the filing of the information." It is held in Kennedy v. State, 22 Tex. Cr. App. 693, 3 S. W. 480, that the requisite mentioned must be apparent from the information itself, and that the complaint cannot be resorted to for supplying the omission from the information.

If there should be a further prosecution a new information should be filed complying with the requisite mentioned.

Our order heretofore made is amended and in addition to the reversal, the prosecution is ordered dismissed under the present information.