## MILTON HOOT V. THE STATE.

No. 23338. Delivered May 1, 1946.

The opinion states the case.

*James E. Faulkner,* of Coldspring, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of drunken driving on a public highway, and fined the sum of $50.00, and he appeals.

It is claimed that fundamental error is shown herein in that the offense is alleged to have been committed on December 1, 1945, and the information filed on the same date failed to allege that such offense occurred anterior to the presentment of the information as prescribed in Art. 414, C. C. P., para. 6. We find tht such a complaint relative to the information is borne out by the record.

We think the case of Cobb v. State, 139 S. W. (2d) 272, in the opinion on rehearing, to be decisive of this matter, and we quote therefrom:

"Appellant files a motion calling attention to a matter which makes it necessary to change our order reversing and remanding of date April 24, 1940, to an order reversing and ordering a dismissal of the prosecution under the present information. The defect in the information was pointed out in appellant's brief but was overlooked on original submission.

"The offense was alleged to have been committed on December 9, 1939. Both the complaint and information were filed that same day. It is averred in the complaint that the offense was committed 'before the making of this complaint,' but no such averment is found in the information. The statute, Art. 414, C. C. P. (1925) Subdivision 6, requires that the time alleged in the information be 'some date anterior to the filing of the information.' It is held in Kennedy v. State, 22 Tex. App. 693, 3 S. W. 480, that the requisite mentioned must be apparent from the information itself, and that the complaint cannot be resorted to for supplying the omission from the information."

The cause is reversed and the prosecution ordered dismissed under the present information.