## August Martini v. The State.

No. 23782. Delivered November 12, 1947.
Appellant's Motion for Rehearing Denied December 10, 1947.

*Ennis Favors* of Stephenville, and *William C. McDonald,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of seriously threatening to take human life and fined the sum of $200.00.

We are early met herein with the contention that the information is fatally defective in that it was filed on the 17th day of May, 1946, and therein it is alleged that the offense complained of took place on the 17th day of May, 1946, which was the same day as the filing of the information. It is also seen that the information fails to allege that such offense took place. "anterior to the filing of the information".

Article 414, Section 6, C. C. P., giving the requisites of an information, says:

"That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation."

True it is that the complaint does allege that this offense was committed before the making and filing of this complaint, but this allegation is not found in the information and such omission cannot be supplied by the complaint. See Hoot v. State, 194 S. W. (2d) 97; Cobb v. State, 139 S. W. (2d) 272; Kennedy v. State, 22 Tex. App. 693, 3 S. W. 480, and cases there cited.

Our State's Attorney confesses error herein and we agree with him.

The judgment is reversed and the cause remanded.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

By motion for rehearing, appellant insists that we should have ordered the prosecution dismissed rather than to have remanded the case for a new trial.

As pointed out in the opinion, the complaint was sufficient. The defect is in the allegations of the information. A new information may be presented by the county attorney upon the complaint.

The order remanding the case was therefore proper, in order that the State may avail itself of the opportunity to file a new information if it desired to do so.

The motion is overruled.

Opinion approved by the Court.