## CHARLIE RANDALL V. STATE.

No. 24555. December 14, 1949.

*Edward L. Dunlap,* Victoria, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the State.

GRAVES, Judge.

Appellant was charged with an aggravated assault, and upon his plea of guilt, he was assessed a fine of $500.00 and six months in jail.

He filed a motion for a new trial setting forth many matters as erroneous in such trial, some of which will not be herein discussed.

He does show that the date of this alleged offense was shown in the complaint as June 28, 1949, but it appears from the information that such date is set forth as July 28, 1949. It also appears that this trial was had on June 30, 1949, lacking two days of a month prior to the alleged date of the offense as shown in the information. Therefore, it would be an impossibility for the appellant to have been tried on June 30, 1949, for an offense committed 28 days thereafter, or on July 28, 1949. Such information also fails to allege that such offense was committed anterior to the date of the filing thereof. See Art. 414, subd. 6, C.C.P.; Cobb v. State, 139 Tex. Cr. R. 337, 139 S. W. (2d) 272; Hoot v. State, 149 Tex. Cr. R. 316, 194 S. W. (2d) 97; Martini v. State, 151 Tex. Cr. R. 215, 205 S. W. (2d) 988.

A failure of the complaint and information to correspond

may be considered in the absence of a bill of exception. See 4 Tex. Jur. p. 208, sec. 149.

Because of the failure in such correspondence, this judgment is reversed and the cause remanded.