## CHARLIE BUMGUARDNER V. STATE.

No. 25048. December 20, 1950.
Motion for Rehearing Granted March 14, 1951.

*Aubrey Davee,* Brady, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of a violation of the liquor laws in McCullough County, and under an allegation of a prior conviction of like character, he was given a penalty of $500.00.

We find only one bill of exception in the record, which relates to the overruling of a motion to quash the indictment on the general ground that same does not charge an offense under the law. To this we do not agree.

We do find a statement of facts herein, and the facts support a judgment, as well as a former conviction of like character.

The judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

On the original submission of this cause no brief was filed.

It appears from the transcript that in the court below the motion for a new trial was overruled on May 22, 1948, but that this case was not filed in this court until September 11, 1950, and no reason is given for this late transmission to this court.

There is one bill of exception in the record which is so vague and indefinite that it is not clear therein what objection, if any, was leveled at the information herein.

On this motion for a rehearing, our attention is called for the first time to the fact that both the information and the complaint were filed on the same day that the alleged offense was committed. It is further shown that the information neither alleges nor shows that such offense was committed anterior to the filing thereof as required by Art. 414, Sec. 6, Vernon's Ann. Tex. C.C.P. See Martini v. State, 151 Tex. Crim. Rep. 215, 205 S.W. (2d) 988.

This defect in the information renders the same void and cannot be supplied by reference to the complaint. See Hoot v. State, 149 Tex. Cr. R. 316, 194 S. W. (2d) 97; Kennedy v. State, 22 Tex. App. 693, 3 S.W. 480, and cases there cited.

The motion for a rehearing is granted, the judgment heretofore entered is set aside, and this cause is now reversed and remanded.