**Sylvester ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46528.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Thompson & Rees, Colorado City, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was found guilty by a jury of the offense of possession for the purpose of sale of an alcoholic beverage; to-wit: whiskey, beer and wine, in a dry county; the punishment, a $300 fine and 30 days in jail.

Appellant has filed a brief in the trial court setting forth twelve grounds of error. Because fundamental error appears in the record, these grounds of error will not be discussed.

The verdict of the jury as to punishment reads as follows:

"We, the Jury, having found the Defendant, Sylvester Rose, guilty of the offense of possession for the purpose of sale of an alcoholic beverage to-wit: whiskey, beer and wine, in a dry county, assess his punishment by a payment of a fine in the amount of $300 and/or by confinement in the County Jail for a term of 30 days;

"And we, the Jury, do further find that the Defendant is eligible for probation under the Misdemeanor Probation Act of the State of Texas, and we do not recommend that he be granted probation in this cause."

In Allen v. State, 138 Tex.Cr.R. 303, 136 S.W.2d 232, this Court held that the following verdict was uncertain and constituted reversible error:

"We, the jury, find the defendant guilty as charged, and assess his punishment at a fine of $100.00 and/or confinement in the county jail of 30 days."

In Cobb v. State, 139 Tex.Cr.R. 337, 139 S.W.2d 272, this Court found that the following verdict was uncertain and could not be upheld:

"We, the jury, find the defendant guilty as charged, and assess punishment at a fine of $0.00, and/or confinement in the County Jail of 30 days."

In Mitcham v. State, 169 Tex.Cr.R. 152, 332 S.W.2d 714, this Court considered the following verdict:

"We, the jury, find the defendant 'guilty' as charged in the indictment, and assess his punishment at confinement in the

County Jail for 45 days and/or by fine of $200.00 Dollars."

There, this Court stated:

"The and/or in the verdict renders it uncertain which of these punishments the jury intended to assess and for that reason it cannot be upheld [citations omitted]."

▌ It appears that where the punishment assessed is neither definite nor certain the same is void. See Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; Ex parte Frazier, 164 Tex.Cr.R. 572, 301 S.W.2d 655, and cases therein cited.

▌ Because the "and/or" verdict as to punishment in this case is neither definite nor certain, the judgment must be reversed and the cause remanded, and it is so ordered.

Opinion approved by the Court.