Douglas Leroy Hopkins v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-171-CR

     DOUGLAS LEROY HOPKINS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court # 98-04127
                                                                                                                
                                                                                                       
DISSENTING OPINION
                                                                                                               

       Hopkins cites Thomas v. State in support of his contention that the information should have been
quashed for failure to state that the offense occurred “anterior to” its filing. In Thomas, the Court
of Criminal Appeals stated:
Appellant contends that the information is fatally defective in that it was filed on the 12th day
of May, 1952; therein, it is alleged that the offense complained of took place on the 12th day
of May, 1952, and such information fails to allege that such offense took place 'anterior to the
filing of the information'.
 
Martini v. State, 151 Tex.Cr. 215, 205 S.W.2d 988, is direct authority supporting appellant's
contention.

        The judgment is reversed and the cause remanded. 

Thomas v. State, 252 S.W.2d 162, 162 (Tex. Crim. App. 1952). The applicable requirement of the
Code of Criminal Procedure is the same today as it was when Thomas was decided. Martini v.
State, 151 Tex. Cr. 215, 205 S.W.2d 988, 989 (Tex. Crim. App. 1947) (Art. 414 of the 1925 Code
of Criminal Procedure quoted). Because the majority refuses to follow long-established precedent,
I dissent.
 
                                                                   BILL VANCE
                                                                   Justice

Opinion delivered and filed June 16, 1999
Do not publish 




pan style="font-size: 12pt">      The legislature did not include a due course of pleading, proceeding, or other procedural
requirement for the defendant to follow in order to be entitled to dismissal under the Medical
Liability and Insurance Improvement Act. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01
(Vernon Supp. 2002). The rules of civil procedure do not require it. Tex. R. Civ. P. 84. We
should not impose one by judicial fiat.
      When due course of pleading or proceeding is important to the purpose of a rule or statute,
it is fairly simple to achieve and a relatively common provision included in rules and statutes. Cf
Tex. R. Civ. P. 86 (Venue) and Tex. R. Civ. P. 120a (Special Appearance) with Tex. Fam. Code
155.204 (Venue) and Tex. Bus. Comm. Code 17.505(c) (time for filing plea in abatement in
DTPA actions). But there is simply nothing in the statute to indicate the purpose of the provision
regarding dismissal for the failure to timely file the affidavit: (1) requires the motion be filed or
considered in any particular order, or (2) would be inconsistent with raising the issue at a date
later than the earliest possible date that it could be filed. When the purpose of legislation has
included a requirement to assert a right within a particular time frame or have it decided in a
particular order of proceeding, the legislature has shown that it is capable of drafting the statute
to accomplish that objective. See id.
THE WAIVER ARGUMENT
      The majority recognizes Jernigan did not expressly waive his right to file a motion to dismiss
under the statute. But they have determined the trial court abused its discretion by refusing to hold
Jernigan had impliedly waived his right to move for dismissal on the ground the required expert
report had not been timely filed. I disagree.
      There is no need for me to go into all the details of every reason that I disagree with the
analysis and conclusion as stated in the majority opinion. I will limit my comments to just the
major issues. Generally, it should be sufficient to say that nothing identified as evidence of an
implied waiver by Jernigan, is actually inconsistent with Jernigan’s right to file a motion to dismiss
a medical malpractice case because the required expert report was not filed. Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01 (Vernon Supp. 2002); Gonzalez v. El Paso Hosp. Dist., No. 08-99-077-CV, 2001 WL 665002, **4 (Tex. App.—El Paso, June 14, 2001, no pet.).
Where are the Limits to Waiver?
      The waiver argument used by the majority could be applied to any claim or defense. But new
claims and defenses can be raised without leave of court until seven days prior to trial and on leave
of court can be added within seven days of trial, during trial, and even after a jury verdict. See
Tex. R. Civ. P. 63. Additionally, Texas practice has always allowed the filing and consideration
of summary judgment motions until the time of trial so long as the required time periods
specifically set out in the rules can be complied with. There is no fundamental distinction between
holding that a defendant has failed to timely move for dismissal under this statute than holding a
litigant waived the right to bring a motion for summary judgment because they did not seek
summary judgment as soon as practicable and continued to engage in discovery. This has never
been the law in the State of Texas for summary judgments. It is not the law under this statute;
until now.
Martinez – Strict Application of Statute
      Langley and the majority rely heavily on Martinez to support their waiver argument. Martinez
v. Lakshmikanth, 1 S.W.3d 144 (Tex. App.—Corpus Christi 1999, pet. denied). In Martinez, the
plaintiff failed to file the affidavit required by the statute within 180 days after the case was filed. 
The plaintiff dismissed the case 43 days after the 180 day period had expired. The doctor had not
moved to dismiss the case before the plaintiff voluntarily dismissed it. The plaintiff then filed a
second suit which the trial court dismissed because the plaintiff had failed to timely file the expert
affidavit in the first suit. In the appeal of the second suit, the court held that the statute did not
prohibit the plaintiff from filing a new suit, which had the effect of giving the plaintiff another 180
days in which to file the required expert report. Tex. Rev. Civ. Stat. Ann. art. 4590i, §13.01(e)
(Vernon Supp. 2002). The court stated:
Considering the "plain and common meaning" of the words used in the statute, we find
the legislature intended to provide plaintiffs with a 180-day window in which to file their
expert report or non-suit their claim. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)
(Vernon Pamp. 1999). Thereafter, the statute expressly states "the court shall, on the
motion of the affected physician or health care provider, enter an order awarding as
sanctions against the claimant ... the dismissal of the action of the claimant against that
defendant with prejudice to the claim's refiling." Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 13.01(e) (Vernon Pamp. 1999) (emphasis added). This language places the burden on
the defendant doctors to move the trial court to dismiss the claim against them. Upon
such motion, the trial court has no discretion but to dismiss the cause of action with
prejudice. The Act specifically requires that some affirmative action be taken by the
defendant before the court dismisses the cause of action. Failure to make the appropriate
motion in a timely manner, effectively waives the defendant's right to this remedy.

Martinez v. Lakshmikanth, 1 S.W.3d 144, 148 (Tex. App.—Corpus Christi 1999, pet. denied)
(emphasis as in the quoted text).
      This holding is nothing more than applying the express wording of the statute by recognizing
during the period of time after the expiration of the 180 days, but before the defendant takes some
affirmative act, the statute does not prohibit the plaintiff from dismissing the case and filing a new
proceeding. During the same time period, until the plaintiff actually non-suits the defendant,
under the express provisions of the statute the defendant may move to dismiss the case with
prejudice on the ground the required expert affidavit was not timely filed. But if the defendant
files the motion to dismiss before the plaintiff non-suits the defendant, the defendant is entitled to
a ruling on the motion to dismiss. Id.; Tex. R. Civ. P. 162 (“A dismissal under this rule shall
have no effect on any motion for sanctions, ...pending at the time of dismissal....”). The court
recognized this could cause a race-to-the-courthouse on the 181st day after suit was filed. 
Martinez, 1 S.W.3d at 148.
      Martinez does not stand for implied waiver theory as used by the majority in this case. It is
quite the contrary. It stands for the proposition that the statute must be applied as written. There
is nothing in the statute which prevented the plaintiff from non-suiting a defendant before that
defendant sought the benefits of the statute’s dismissal-with-prejudice provision, and then filing
a new case to obtain the benefit of another 180 days in which to file an expert report. There is
also nothing in the statute that sets a timetable in which the defendant must file the motion to
dismiss.
      In this case, Langley could have non-suited Jernigan any time between the filing of suit and
the filing of Jernigan’s motion to dismiss, and then by filing a new suit against Jernigan, obtained
the benefit of another 180 day time period in which to file an expert report. She did not. 
Likewise, Langley could have dismissed her suit against Jernigan after the trial court determined
the affidavits were defective as applied to two other similarly situated defendants. She did not. 
The affidavits had been challenged as inadequate by another defendant for well over six months
before Jernigan filed the motion to dismiss, but Langley chose to stand on the adequacy of the
affidavits.
CONCLUSION
      The trial court was entitled to review all the facts and circumstances and, having decided that
the required affidavit was not timely filed, determine that the sanction of dismissal was
appropriate. This is not an abuse of discretion. I question if the majority has applied the proper
standard of review or simply substituted their judgment for what should be left to the discretion
of the trial court. In the final analysis I cannot agree that the trial court abused its discretion by
determining imposition of the sanction was appropriate. Accordingly, I respectfully dissent.

                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed May 1, 2002
Publish