

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00091-CR

_____


## PAUL KEVIN KEYS, Appellant

## V.

## THE STATE OF TEXAS, Appellee


On Appeal from the County Court
Franklin County, Texas
Trial Court No. 11438


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In Paul Kevin Keys' Franklin County jury trial for driving while intoxicated (DWI),[1] the jury form for punishment included, between the blanks for the jury's assessment of any fine and the jury's assessment of any period of confinement, the ambivalent "and/or." That form, though attached to the jury charge, was not objected to. Now, after having been found guilty and having been sentenced to a fine in the amount of $2,000.00 and confinement for a period of 183 days, Keys appeals by attacking that feature of the jury form and by urging that the State failed to prove venue in Franklin County. We affirm the judgment of the trial court, because we hold that (1) the punishment verdict form was not fundamentally erroneous and did not cause egregious harm and that (2) venue was adequately established.[2]

---

[1]TEX. PENAL CODE ANN. § 49.09 (West 2011).

[2]Keys also claimed the trial court committed fundamental error in failing to impose the sentence in open court in his presence; we agreed with that issue, and abated this cause to the trial court for a new sentencing hearing and judgment. A new judgment has been entered by the trial court after sentencing Keys in open court. This opinion addresses Keys' remaining appellate points.

*(1)*   *The Punishment Verdict Form Was Not Fundamentally Erroneous and Did Not Cause Egregious Harm*

Keys claims the trial court committed fundamental error in assessing his punishment at confinement for 183 days and a fine of $2,000.00 when the jury's verdict on punishment states punishment of a fine in the amount of "$2,000 AND/OR" confinement of "183 days."[3]  The punishment verdict is signed by the presiding juror.  Keys contends that this verdict is too uncertain to be enforced because it can be interpreted as assessing *only* a fine of $2,000.00 or *only* confinement of 183 days or a fine of $2,000.00 *and* confinement of 183 days.

Keys did not object at any time to the discrepancy between the written judgment of the trial court and the punishment verdict form.  Keys contends, however, that this situation presents fundamental error, which cannot be waived.[4]  In a similar case, the Texas Court of Criminal

---

[3]The punishment verdict read:

> We, the Jury, having found the Defendant, PAUL KEVIN KEYS, Guilty of the offense of the Class A Misdemeanor offense of DRIVING WHILE INTOXICATED 2nd, assess the punishment of the Defendant as follows:
>
> (1)  Fill in the dollar amount:
>      We set the fine at $     2,000
>                          (0-$4,000)
>      AND/OR
>
> (2)  Fill in the number of days or months:
>      We set confinement at   183 days
>                          (0-365 days)

[4]At the conclusion of the punishment phase of the trial, the trial court made the following statement:

> At this time, I note in the record that the Prosecution and Defense attorneys have no objections to the Punishment Charge as written and the *Punishment Verdict.*

3

Appeals held that the punishment verdict of the jury presented fundamental error. *Rose v. State*, 499 S.W.2d 12 (Tex. Crim. App. 1973). In *Rose*, the jury's punishment verdict assessed "his punishment by a payment of a fine in the amount of $300 and/or by confinement in the County Jail for a term of 30 days." *Id.* The *Rose* court relied on precedent that the verdict's and/or feature "renders it uncertain which of these punishments the jury intended to assess." *See Mitcham v. State*, 332 S.W.2d 714, 715 (Tex. Crim. App. 1960);[5] *see also Cobb v. State*, 139 S.W.2d 272, 273 (Tex. Crim. App. 1940) ("and/or" verdict too uncertain to uphold);[6] *Allen v. State*, 136 S.W.2d 232 (Tex. Crim. App. 1940) ("and/or" verdict too uncertain to be received by court).[7]

Keys contends the verdict in his case is no different from those in which the Texas Court of Criminal Appeals determined that such verdicts were too uncertain to uphold, and that, as held by

---

(Emphasis added.)   The punishment verdict is actually a form which was filled out by the jury foreman.

[5] In *Mitcham*, the court considered the following verdict:

> We, the jury, find the defendant "guilty" as charged in the indictment, and assess his punishment at confinement in the County Jail for 45 days and/or by fine of $200.00 Dollars.

*Mitcham*, 332 S.W.2d at 715.

[6] The verdict in *Cobb* read:

> We, the jury, find the defendant guilty as charged, and assess punishment at a fine of $0.00, and/or confinement in the County Jail of 30 days.

*Cobb*, 139 S.W.2d at 273.

[7] The verdict in *Allen* read:

> We, the jury, find the defendant guilty as charged, and assess his punishment at a fine of $100.00 and/or confinement in the county jail of 30 days.

*Allen*, 136 S.W.2d at 233.

4

the *Rose* court, fundamental error is presented here. Much has changed in the application of the fundamental error rule in the course of Texas criminal jurisprudence in the decades since the *Rose* case was decided in 1973. In more recent years, the Texas Court of Criminal Appeals has determined that:

> Except for complaints involving fundamental constitutional systemic requirements which are not applicable here, all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1.

*Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004) (citing *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)). Fundamental errors fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). "Waivable only" rights include the right to the assistance of counsel and the right to trial by jury. *Id*. "Absolute, systemic rights" include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's compliance with the Separation of Powers section of the Texas Constitution, a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge. *Id*. at 888–89. Notably, neither of the fundamental error categories includes error in the punishment verdict.

We do not thereby conclude, however, that Keys' complaint regarding the uncertain jury verdict (resulting in a perhaps incorrect judgment) is not subject to appellate review. Because the

5

"and/or" language in the jury verdict form allowed for uncertainty in the verdict, it was error to submit this option without instruction to the jury to indicate, by circling "and" or "or," to indicate the precise punishment imposed. Finding error, we reach the question of whether the error constitutes reversible error.

Here, the verdict form was attached to the punishment charge. While the trial court need not attach a verdict form to the jury charge, when such form is attached, it becomes "part of the jury charge, and, as in the present case, is incorporated by reference to the main charge." *Jennings v. State*, 302 S.W.3d 306, 310 (Tex. Crim. App. 2010) (citations omitted). "All jury-charge errors, including errors in the verdict form, are cognizable on appeal under *Almanza*." *Id*. at 311.[8] Under *Almanza*, unobjected-to jury charge error is reviewed for "egregious harm," while objected-to error is reviewed for "some harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Thus, because Keys failed to object to error in the jury verdict form, we review his complaint for egregious harm under *Almanza*.

We determine egregious harm by examining "the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) (quoting *Almanza*, 686 S.W.2d at 171). Under *Almanza*, we are to look at the evidence, the contested issues, and arguments of

---

[8]In *Jennings*, the Texas Court of Criminal Appeals determined that the court of appeals "mistakenly relied on pre-*Almanza* cases for the proposition that a complaint about purported errors and omissions in the jury verdict form is waived on appeal if the defendant failed to object to those errors in the trial court." *Jennings*, 302 S.W.3d at 311.

6

counsel, as well as "other relevant information revealed by the record of the trial as a whole," to determine whether actual, egregious harm resulted from an uncertain jury verdict. *See Almanza*, 686 S.W.2d at 171. We should look for "actual, not just theoretical, harm to the accused." *Id.* at 174. Egregious harm arises if the error is so severe that it deprived Keys of a fair and impartial trial, affected the very basis of the case, vitally affected a defensive theory, or otherwise deprived him of a valuable right. *Id.* at 171; *Warner*, 245 S.W.3d at 461–62. The right to have a jury assess punishment is a valuable statutory right. *Sterry v. State*, 959 S.W.2d 249, 257 (Tex. App.—Dallas 1997, no pet.). "Egregious harm is a difficult standard to prove and such determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *see also Warner*, 245 S.W.3d at 462–64.

Keys contends that, because the jury provided responses for both a fine and a period of confinement without indicating whether it was imposing a fine or a period of confinement or both, this verdict was too uncertain to support the written judgment of the trial court, which imposed both a fine and a period of confinement. If the jury intended to impose only a fine or only a period of confinement, Keys was harmed in light of a judgment requiring both. On the other hand, if the jury had intended to assess only a fine or only a period of confinement, it had the power, and pretty clear guidelines in the verdict form it was to complete, to enter a zero in either the blank for a period of confinement or the blank for a fine, or both. It entered numbers in both blanks, opting not to withhold either punishment option itself. And this record contains no suggestion from any

7

party or from the trial court that anyone other than the jury was to assess confinement or fine or to choose between the two.

The punishment evidence showed that Keys' prior offenses were not recent: he had a twenty-year-old DWI conviction and a seventeen-year-old reckless conduct conviction. This evidence, along with testimony regarding Keys' status as a single parent raising a fourteen-year-old daughter might have persuaded the jury that Keys should not be confined for this class A misdemeanor offense. Conversely, evidence supporting conviction showed Keys was highly intoxicated after having consumed alcohol, Soma, and Hydrocodone. When placed under arrest, Keys became hostile and began to scream and curse at the arresting officer. This evidence, as a whole, does not reveal whether the jury intended to fine and incarcerate Keys, or whether it merely intended to impose a fine or a period of incarceration.

During the punishment phase, counsel for Keys did not argue that a period of incarceration should *not* be imposed or that Keys should *only* be fined; rather, counsel argued that any period of incarceration imposed should be probated.[9] It is apparent from the context of counsel's argument that he sought probated jail time, rather than a probated fine: "So, what we are asking for in this case is that Mr. Keys be put on probation. . . . Jail time in this situation, I don't think would serve the interest of justice . . . ." Counsel went on to state that, "[i]f he can't successfully complete his probation, then, it's up to the Court, but his probation could be revoked, and he could be sentenced

---

[9]Review of the punishment verdict indicates that the jury did not fill out that portion of the verdict form recommending that the jail sentence be probated.

8

to do the jail time that you assess." Likewise, the State's argument for punishment centered on why Keys should *not* be placed on probation. The issue of whether Keys should be simply fined, without the imposition of jail time, was not addressed.

A jury's verdict should be applied if the jury's intention can reasonably be ascertained. *Brinson v. State*, 570 S.W.2d 937, 939 (Tex. Crim. App. 1978); *Ward v. State*, 143 S.W.3d 271, 276 (Tex. App.—Waco 2004, pet. ref'd). A jury verdict should be liberally construed and, when a finding of the jury can be reasonably ascertained, the verdict is sufficient. *Luna v. State*, 70 S.W.3d 354, 359 (Tex. App.—Corpus Christi 2002, pet. ref'd). In the instant case, a reasonable conclusion to the dilemma is that the jury intended to assess Keys' punishment at 183 days' confinement together with a fine of $2,000.00. We reach this conclusion in light of the fact that neither side requested the jury to impose merely a fine and that the verdict form clearly allowed—and included prompts for—zeros to be entered in either blank. Thus, it is reasonable to believe that the jury *intended* to impose a period of incarceration and a fine. The contrary is counterintuitive. There would have been no purpose in the jury completing the form with a specific fine amount unless the jury intended to impose such a fine. Likewise, no purpose would have been served for the jury to supply a specific term of confinement unless the jury also intended to assess such a term. Moreover, the jury divided both the maximum jail time and the maximum fine essentially in half.[10] This deliberate calculation of the period of incarceration and the fine

---

[10]The maximum jail time for this offense was 365 days; Keys received 183 days. The maximum fine for this offense was $4,000.00; Keys was fined $2,000.00.

amount further indicates the jury's intent to impose both a period of incarceration and a fine. A reasonable construction of the verdict form leads us to no other conclusion.[11]

The record must show that Keys suffered actual, rather than merely theoretical, harm as a result of the uncertain jury verdict. *See Warner*, 245 S.W.3d at 464. Because a reasonable construction of the verdict leads us to conclude that the jury intended to impose both a fine and jail time, we cannot say with confidence that jury verdict form, with its "and/or" language, resulted in actual harm, i.e., a judgment which imposed greater punishment than the jury intended.[12] Accordingly, we overrule this point of error.

*(2)     Venue Was Adequately Established*

Keys also contends the evidence is insufficient to show the offense occurred in Franklin County. An information is required to allege the location of the offense to establish proper venue. *See* TEX. CODE CRIM. PROC. ANN. art. 21.21(5) (West 2009). The information here alleges the offense occurred in Franklin County. It is presumed venue has been proven in the trial court unless the record affirmatively shows otherwise or venue was made an issue at trial. TEX. R. APP. P. 44.2(c)(1). A plea of "not guilty" does not automatically put venue at issue. *See Holdridge v.*

---

[11]In a somewhat similar case involving an "and/or" jury verdict form, the word "and" was circled in ink of the same appearance as that used by the jury foreman to write in the amounts and to sign the verdict. While that may have been enough to solve the uncertainty issue, there was no objection to this alleged error and the court refused to find fundamental error. *Sparkman v. State*, 968 S.W.2d 373 (Tex. App.—Tyler 1997, pet. ref'd).

[12]Here, the punishment assessed by the court is less than the maximum allowed by statute and appears to comport with the jury's verdict.

*State*, 707 S.W.2d 18, 20–21 (Tex. Crim. App. 1986).[13]   Venue, not an element of the offense,

need only be proven by a preponderance of the evidence.   *See* TEX. CODE CRIM. PROC. ANN. art.

13.17 (West 2005) (preponderance standard); *Urbanski v. State*, 993 S.W.2d 789, 796 (Tex.

App.—Dallas 1999, no pet.).   Proof of venue may be established through direct or circumstantial

evidence.   *Black v. State*, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).

Here, Keys did not challenge venue until this appeal.   Therefore, the issue is presumed

proven at trial unless the record affirmatively shows otherwise.   TEX. R. APP. P. 44.2(c)(1).   The

record reflects that the arresting officer, Trooper Dwayne Smith, testified that Keys' vehicle

passed by his location on the south service road and entered the interstate.   Later, Smith testified

that Interstate 30 "was in Franklin County and the State of Texas."   Keys maintains this testimony

fails to provide a reasonable inference that the offense occurred in Franklin County.   Because

Keys did not challenge venue in the trial court, we examine this testimony to determine whether it

affirmatively shows that venue does not exist in Franklin County for the offense of DWI.   Having

concluded that it does not, we overrule this point of error.

---

[13]"The rule that a plea of not guilty is enough to require the State to prove its allegation of venue is to place the burden of proof at trial.   Article 44.24(a) is a rule of appellate presumption that the State met its burden of proof unless during trial accused challenged sufficiency of evidence presented by the State to show venue."   *Holdridge*, 707 S.W.2d at 21.

11

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:	July 5, 2011
Date Decided:	July 12, 2011

Do Not Publish