In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00091-CR

                                                ______________________________

 

 

                                       PAUL KEVIN KEYS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11438

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In Paul
Kevin Keys’ Franklin County jury trial for driving while intoxicated (DWI),[1]
the jury form for punishment included, between the blanks for the jury’s
assessment of any fine and the jury’s assessment of any period of confinement,
the ambivalent “and/or.”  That form,
though attached to the jury charge, was not objected to.  Now, after having been found guilty and
having been sentenced to a fine in the amount of $2,000.00 and confinement for
a period of 183 days, Keys appeals by attacking that feature of the jury form
and by urging that the State failed to prove venue in Franklin County.  We affirm the judgment of the trial court,
because we hold that (1) the punishment verdict form was not fundamentally
erroneous and did not cause egregious harm and that (2) venue was
adequately established.[2]

(1)        The Punishment Verdict Form Was Not
Fundamentally Erroneous and Did Not Cause Egregious Harm

 

            Keys claims the trial
court committed fundamental error in assessing his punishment at confinement
for 183 days and a fine of $2,000.00 when the jury’s verdict on punishment
states punishment of a fine in the amount of “$2,000 AND/OR” confinement of
“183 days.”[3]  The punishment verdict is signed by the
presiding juror.  Keys contends that this
verdict is too uncertain to be enforced because it can be interpreted as
assessing only a fine of $2,000.00 or
only confinement of 183 days or a
fine of $2,000.00 and confinement of
183 days.  

            Keys did not
object at any time to the discrepancy between the written judgment of the trial
court and the punishment verdict form. 
Keys contends, however, that this situation presents fundamental error,
which cannot be waived.[4]  In a similar case, the Texas Court of
Criminal Appeals held that the punishment verdict of the jury presented
fundamental error.  Rose v. State, 499 S.W.2d 12 (Tex. Crim. App. 1973).  In Rose,
the jury’s punishment verdict assessed “his punishment by a payment of a fine
in the amount of $300 and/or by confinement in the County Jail for a term of 30
days.”  Id.  The Rose court relied on precedent that the verdict’s and/or feature “renders
it uncertain which of these punishments the jury intended to assess.”  See
Mitcham v. State, 332 S.W.2d 714, 715
(Tex. Crim. App. 1960);[5]
see also Cobb v. State, 139 S.W.2d
272, 273 (Tex. Crim. App. 1940) (“and/or” verdict too uncertain to uphold);[6]
Allen v. State, 136 S.W.2d 232 (Tex.
Crim. App. 1940) (“and/or” verdict too uncertain to be received by court).[7]

            Keys
contends the verdict in his case is no different from those in which the Texas
Court of Criminal Appeals determined that such verdicts were too uncertain to
uphold, and that, as held by the Rose
court, fundamental error is presented here. 
Much has changed in the application of the fundamental error rule in the
course of Texas criminal jurisprudence in the decades since the Rose case was decided in 1973.  In more recent years, the Texas Court of
Criminal Appeals has determined that:

Except for complaints involving fundamental
constitutional systemic requirements which are not applicable here, all other
complaints based on a violation of both constitutional and statutory rights are
waived by failure to comply with Rule 33.1.

 

Mendez v. State, 138 S.W.3d 334, 338
(Tex. Crim. App. 2004) (citing Ibarra v.
State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)).  Fundamental errors fall into “two relatively
small categories of errors:  violations
of ‘rights which are waivable only’ and denials of ‘absolute systemic
requirements.’”  Saldano v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).  “Waivable only” rights include the right to
the assistance of counsel and the right to trial by jury.  Id.
 “Absolute, systemic rights” include
jurisdiction of the person, jurisdiction of the subject matter, a penal statute’s
compliance with the Separation of Powers section of the Texas Constitution, a
constitutional requirement that a district court must conduct its proceedings
at the county seat, the constitutional prohibition of ex post facto laws, and
certain constitutional restraints on the comments of a judge.  Id.
at 888–89.  Notably, neither of the
fundamental error categories includes error in the punishment verdict.

            We
do not thereby conclude, however, that Keys’ complaint regarding the uncertain
jury verdict (resulting in a perhaps incorrect judgment) is not subject to
appellate review.  Because the “and/or”
language in the jury verdict form allowed for uncertainty in the verdict, it
was error to submit this option without instruction to the jury to indicate, by
circling “and” or “or,” to indicate the precise punishment imposed.  Finding error, we reach the question of
whether the error constitutes reversible error.

            Here, the
verdict form was attached to the punishment charge.  While the trial court need not attach a
verdict form to the jury charge, when such form is attached, it becomes “part
of the jury charge, and, as in the present case, is incorporated by reference
to the main charge.”  Jennings v. State, 302 S.W.3d 306, 310
(Tex. Crim. App. 2010) (citations omitted). 
“All jury-charge errors, including errors in the verdict form, are
cognizable on appeal under Almanza.”  Id.
at 311.[8]  Under Almanza,
unobjected-to jury charge error is reviewed for “egregious harm,” while
objected-to error is reviewed for “some harm.” 
Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985).  Thus,
because Keys failed to object to error in the jury verdict form, we review his
complaint for egregious harm under Almanza.

            We determine
egregious harm by examining “the entire jury charge, the state of the evidence,
including the contested issues and weight of the probative evidence, the
arguments of counsel, and any other relevant information revealed by the record
of the trial as a whole.”  Warner v. State, 245 S.W.3d 458, 461
(Tex. Crim. App. 2008) (quoting Almanza,
686 S.W.2d at 171).  Under Almanza, we are to look at the evidence,
the contested issues, and arguments of counsel, as well as “other relevant
information revealed by the record of the trial as a whole,” to determine
whether actual, egregious harm resulted from an uncertain jury verdict.  See
Almanza, 686 S.W.2d at 171.  We should look for “actual, not just
theoretical, harm to the accused.”  Id. at 174.  Egregious harm
arises if the error is so severe that it deprived Keys of a fair and impartial
trial, affected the very basis of the case, vitally affected a defensive
theory, or otherwise deprived him of a valuable right.  Id. at 171; Warner, 245 S.W.3d at 461–62.  The right to have a jury assess punishment is
a valuable statutory right.  Sterry v. State, 959 S.W.2d 249, 257
(Tex. App.—Dallas 1997, no pet.).  “Egregious
harm is a difficult standard to prove and such determination must be done on a
case-by-case basis.”  Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim.
App. 1996); see also Warner, 245 S.W.3d at 462–64.

            Keys
contends that, because the jury provided responses for both a fine and a period
of confinement without indicating whether it was imposing a fine or a period of
confinement or both, this verdict was too uncertain to support the written
judgment of the trial court, which imposed both a fine and a period of
confinement.  If the jury intended to
impose only a fine or only a period of confinement, Keys was harmed in light of
a judgment requiring both.  On the other
hand, if the jury had intended to assess only a fine or only a period of
confinement, it had the power, and pretty clear guidelines in the verdict form
it was to complete, to enter a zero in either the blank for a period of
confinement or the blank for a fine, or both. 
It entered numbers in both blanks, opting not to withhold either
punishment option itself.  And this
record contains no suggestion from any party or from the trial court that
anyone other than the jury was to assess confinement or fine or to choose
between the two.

            The
punishment evidence showed that Keys’ prior offenses were not recent:  he had a twenty-year-old DWI conviction and a
seventeen-year-old reckless conduct conviction. 
This evidence, along with testimony regarding Keys’ status as a single
parent raising a fourteen-year-old daughter might have persuaded the jury that
Keys should not be confined for this class A misdemeanor offense.  Conversely, evidence supporting conviction
showed Keys was highly intoxicated after having consumed alcohol, Soma, and Hydrocodone.  When placed under arrest, Keys became hostile
and began to scream and curse at the arresting officer.  This evidence, as a whole, does not reveal
whether the jury intended to fine and incarcerate Keys, or whether it merely intended
to impose a fine or a period of incarceration.

            During the
punishment phase, counsel for Keys did not argue that a period of incarceration
should not be imposed or that Keys
should only be fined; rather, counsel
argued that any period of incarceration imposed should be probated.[9]  It is apparent from the context of counsel’s
argument that he sought probated jail time, rather than a probated fine:  “So, what we are asking for in this case is
that Mr. Keys be put on probation. . . . Jail time in this situation, I don’t
think would serve the interest of justice . . . .”  Counsel went on to state that, “[i]f he can’t
successfully complete his probation, then, it’s up to the Court, but his
probation could be revoked, and he could be sentenced to do the jail time that
you assess.”  Likewise, the State’s
argument for punishment centered on why Keys should not be placed on probation. 
The issue of whether Keys should be simply fined, without the imposition
of jail time, was not addressed.

            A jury’s
verdict should be applied if the jury’s intention can reasonably be
ascertained.  Brinson v. State, 570 S.W.2d 937, 939 (Tex. Crim. App.
1978); Ward v. State, 143
S.W.3d 271, 276 (Tex. App.—Waco 2004, pet. ref’d).  A jury verdict should be liberally construed
and, when a finding of the jury can be reasonably ascertained, the
verdict is sufficient.  Luna v. State, 70 S.W.3d 354, 359 (Tex. App.—Corpus
Christi 2002, pet. ref’d).  In the
instant case, a reasonable conclusion to the dilemma is that the jury intended
to assess Keys’ punishment at 183 days’ confinement together with a fine of $2,000.00.  We reach this conclusion in light of the fact
that neither side requested the jury to impose merely a fine and that the
verdict form clearly allowed—and included prompts for—zeros to be entered in
either blank.  Thus, it is reasonable to
believe that the jury intended to
impose a period of incarceration and a fine. 
The contrary is counterintuitive. 
There would have been no purpose in the jury completing the form with a
specific fine amount unless the jury intended to impose such a fine.  Likewise, no purpose would have been served
for the jury to supply a specific term of confinement unless the jury also
intended to assess such a term. 
Moreover, the jury divided both the maximum jail time and the maximum
fine essentially in half.[10]  This deliberate calculation of the period of
incarceration and the fine amount further indicates the jury’s intent to impose
both a period of incarceration and a fine. 
A reasonable construction of the verdict form leads us to no other
conclusion.[11]

            The record
must show that Keys suffered actual, rather than merely theoretical, harm as a
result of the uncertain jury verdict.  See Warner, 245 S.W.3d at 464.  Because a reasonable construction of the
verdict leads us to conclude that the jury intended to impose both a fine and
jail time, we cannot say with confidence that jury verdict form, with its
“and/or” language, resulted in actual harm, i.e., a judgment which imposed
greater punishment than the jury intended.[12]  Accordingly, we overrule this point of error.

(2)        Venue Was Adequately
Established

 

            Keys also contends the evidence
is insufficient to show the offense occurred in Franklin County.  An information is required to allege the
location of the offense to establish proper venue.  See
Tex. Code Crim. Proc. Ann. art.
21.21(5) (West 2009).  The information
here alleges the offense occurred in Franklin County.  It is presumed venue has been proven in the
trial court unless the record affirmatively shows otherwise or venue was made
an issue at trial.  Tex. R. App. P. 44.2(c)(1).  A plea of “not guilty” does not automatically
put venue at issue.  See Holdridge v. State, 707 S.W.2d 18, 20–21 (Tex. Crim. App.
1986).[13]  Venue, not an element of the offense, need
only be proven by a preponderance of the evidence.  See
Tex. Code Crim. Proc. Ann. art.
13.17 (West 2005) (preponderance standard); Urbanski
v. State, 993 S.W.2d 789, 796 (Tex. App.—Dallas 1999, no pet.).  Proof of venue may be established through
direct or circumstantial evidence.  Black v. State, 645 S.W.2d 789, 790
(Tex. Crim. App. 1983).

            Here, Keys
did not challenge venue until this appeal. 
Therefore, the issue is presumed proven at trial unless the record
affirmatively shows otherwise.  Tex. R. App. P. 44.2(c)(1).  The record reflects that the arresting
officer, Trooper Dwayne Smith, testified that Keys’ vehicle passed by his
location on the south service road and entered the interstate.  Later, Smith testified that Interstate 30
“was in Franklin County and the State of Texas.”  Keys maintains this testimony fails to
provide a reasonable inference that the offense occurred in Franklin
County.  Because Keys did not challenge
venue in the trial court, we examine this testimony to determine whether it
affirmatively shows that venue does not exist in Franklin County for the
offense of DWI.  Having concluded that it
does not, we overrule this point of error.

            We affirm the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
5, 2011     

Date Decided:             July
12, 2011

 

Do Not Publish

 

 

 











[1]Tex. Penal Code Ann. § 49.09 (West
2011).

 





[2]Keys
also claimed the trial court committed fundamental error in failing to impose
the sentence in open court in his presence; we agreed with that issue, and
abated this cause to the trial court for a new sentencing hearing and
judgment.  A new judgment has been
entered by the trial court after sentencing Keys in open court.  This opinion addresses Keys’ remaining
appellate points.

 





[3]The
punishment verdict read:

 

We, the Jury,
having found the Defendant, PAUL KEVIN KEYS, Guilty of the offense of the Class
A Misdemeanor offense of DRIVING WHILE INTOXICATED 2nd, assess the punishment
of the Defendant as follows:

 

(1)  Fill in the dollar amount:

       We
set the fine at $    2,000

                                       (0-$4,000)

       AND/OR

 

(2)  Fill in the number of days or months:

       We set confinement at  183 days

                                              (0-365 days)

 





[4]At
the conclusion of the punishment phase of the trial, the trial court made the
following statement:

 

At this time, I
note in the record that the Prosecution and Defense attorneys have no
objections to the Punishment Charge as written and the Punishment Verdict.  

 

(Emphasis added.)  The punishment verdict is actually a form which
was filled out by the jury foreman.





[5]In
Mitcham, the court considered the
following verdict:

 

We, the jury,
find the defendant “guilty” as charged in the indictment, and assess his
punishment at confinement in the County Jail for 45 days and/or by fine of
$200.00 Dollars.

 

Mitcham, 332
S.W.2d at 715.

 





[6]The
verdict in Cobb read:

 

We, the jury,
find the defendant guilty as charged, and assess punishment at a fine of $0.00,
and/or confinement in the County Jail of 30 days.

 

Cobb, 139
S.W.2d at 273.

 





[7]The
verdict in Allen read:

 

We, the jury,
find the defendant guilty as charged, and assess his punishment at a fine of
$100.00 and/or confinement in the county jail of 30 days.

 

Allen, 136
S.W.2d at 233.





[8]In
Jennings, the Texas Court of Criminal
Appeals determined that the court of appeals “mistakenly relied on pre-Almanza cases for the proposition that a
complaint about purported errors and omissions in the jury verdict form is
waived on appeal if the defendant failed to object to those errors in the trial
court.”  Jennings, 302 S.W.3d at 311.





[9]Review
of the punishment verdict indicates that the jury did not fill out that portion
of the verdict form recommending that the jail sentence be probated.  





[10]The
maximum jail time for this offense was 365 days; Keys received 183 days.  The maximum fine for this offense was
$4,000.00; Keys was fined $2,000.00.  

 





[11]In
a somewhat similar case involving an “and/or” jury verdict form, the word “and”
was circled in ink of the same appearance as that used by the jury foreman to
write in the amounts and to sign the verdict. 
While that may have been enough to solve the uncertainty issue, there
was no objection to this alleged error and the court refused to find
fundamental error.  Sparkman v. State, 968 S.W.2d 373 (Tex. App.—Tyler 1997, pet.
ref’d).

 





[12]Here,
the punishment assessed by the court is less than the maximum allowed by
statute and appears to comport with the jury’s verdict.

 





[13]“The
rule that a plea of not guilty is enough to require the State to prove its
allegation of venue is to place the burden of proof at trial.  Article 44.24(a) is a rule of appellate
presumption that the State met its burden of proof unless during trial accused
challenged sufficiency of evidence presented by the State to show venue.”  Holdridge,
707 S.W.2d at 21.